William S. Shea, J.
Respondent’s motion to stay arbitration and all proceedings herein, having been temporarily granted on consent pending a trial by the court of the preliminary issues of timely filing of a notice of claim with respondent and whether claimant has status as an “ insured ’ ’ is now, after trial, denied, the temporary stay is vacated, and the parties are directed to proceed to arbitration in accordance with the terms of the contract between them.
After trial the court finds that the accident occurred on December 22, 1963. The claimant was a passenger in a car owned by Vincente Vargas which had stopped behind a car in front of it and was then struck in the rear by a third car which was uninsured.
At the time of the impact, the claimant, although not seated in the Vincente Vargas car, was occupying it within the meaning of the endorsement which defines “ occupying ” as meaning “ in or upon or entering into or alighting from ” and was thus an insured.
Just prior to the impact the driver owner, Vincente Vargas, and the claimant got out of the car because it would not start. Both proceeded to the front of that car and stood in front of it and behind the car in front. They opened the hood to check the motor and while claimant was actually ‘1 manipulating-touching ’ ’ the cables on the battery the car was hit in the rear by the third car (uninsured) causing injuries to claimant. Under these circumstances, the claimant was an insured because he was in or upon or entering into or alighting from the insured car.
The court also finds, on the question of timely notice, that after the accident on December 22, 1963, an attorney (Rose) was retained in behalf of claimant on January 6, 1964 who in turn called in the trial attorney (Levine) on January 9, 1964. That said attorney (Levine) first inquired to any agency as to how the accident occurred on March 22, 1964, to the Police Department for a police blotter report. This report showed the involvement of a third car in the accident of December 22, 1963. It was received by the claimant’s attorney on April 26, 1964. Shortly before that, about April 15, 1964, said attorney in a conversation with another attorney first heard of a third car being involved in the accident. Up till that time, the only inf or *666 mation he received from his client-claimant, or his relatives, was of a two-car accident.
On April 15,1964 said attorney requested reports (MV 104s) from the Motor Vehicle Bureau of the driver owner of the car in front, D. Vargas, the driver owner of the second car, Vincente Vargas, and the driver owner of the third car, Stanley Lipscomb. On May 14, 1964, the Motor Vehicle Bureau sent the report of D. Vargas only. The following day, May 15, 1964, the Motor Vehicle Bureau notified claimant’s attorney by mail that no report of an accident had been filed by Vincente Vargas or Lipscomb. Claimant’s attorney then filed a form FS-25 with the Motor Vehicle Bureau. This form requested information as to whether Lipscomb had insurance in force on the date of the accident. This request was stamped as received in the Albany office of the Motor Vehicle Bureau on May 22, 1964. This form was returned to said attorney indicating a search by the Motor Vehicle Bureau on June 15, 1964 showed no insurance for Lipscomb.
On June 18,1964 the claim was filed with respondent in behalf of claimant.
On the basis of these facts, the court finds that the notice of claim was timely filed. Although it was not done within 90 days, it was done within a reasonable time after the occurrence of the accident. Under the circumstances of this case the claimant’s attorney was diligent in the prosecution of his client’s action on the basis of a two-car accident. From the time the attorney first became suspect of the fact that a third car was involved in the accident, about April 15, 1964, he diligently sought to determine definitely that a third car was involved and then determine whether or not it was insured. The filing of the notice of claim on June 18, 1964 was within a reasonable time and was proper.