379 Mich. 562 (1967)
153 N.W.2d 655
HORR
v.
DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE.
Calendar No. 11, Docket Nos. 51,696, 51,697.
Supreme Court of Michigan.
Decided November 6, 1967.
Best & Arnold, for plaintiff.
Ward, Plunkett, Cooney, Rutt & Peacock (William M. Donovan, of counsel), for defendant General Accident Fire & Life Assurance Corporation, Ltd.
Badgley, Domke, McVicker & Marcoux, for Detroit Automobile Inter-Insurance Exchange.
SOURIS, J.
In 1963 plaintiff's minor son was injured by an automobile driven by an uninsured motorist. Plaintiff filed claims in the son's behalf against the Detroit Automobile Inter-Insurance Exchange, on a policy issued by it to plaintiff, which covered certain members of plaintiff's family, and against the General Accident Fire & Life Assurance Corporation, Ltd., on a policy issued by it to plaintiff's son. The insurance companies and plaintiff disagreed upon the limits of liability provided by the policies and plaintiff thereupon started suit in the Jackson county circuit court against the Exchange *565 for a declaratory judgment. Upon the Exchange's motion in circuit court, General Accident was added as a party defendant. The pleadings of the parties disclosed that the only issue in the case was the proper interpretation of each policy's uninsured motorist coverage, each policy containing "Other Insurance" clauses.
The circuit judge rendered a declaratory judgment in plaintiff's favor interpreting both of the policies to provide insurance up to their stated limit of liability of $10,000 notwithstanding the existence of other insurance covering the identical risk and notwithstanding the "Other Insurance" clauses contained in each policy. Appeal was taken by defendants to the Court of Appeals and, pursuant to an order of this Court on January 11, 1967, this appeal and others then pending in the Court of Appeals were transferred here for hearing and decision.
Both policies state the limit of the insurer's liability for all bodily injuries resulting from an accident with an uninsured motorist to be $10,000 for one insured person and $20,000 for two or more insured persons injured in one accident. The "Other Insurance" clause of the Exchange policy reads, in pertinent part, as follows:
"With respect to bodily injury to an insured sustained while occupying an automobile or through being struck by an uninsured automobile, if such insured is a named insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Exchange shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance." *566 The "Other Insurance" clause of the General Accident policy reads, in pertinent part, as follows:
"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."
We find no statutory or decisional law of this State applicable in 1963 to the insurance clauses requiring our interpretation and the parties assert there were none. Consequently, our task is limited to determining the intent of the contracting parties.
It is plaintiff's claim, with which the circuit judge agreed, that each defendant is liable for up to a maximum of $10,000 for his son's injuries, assuming that his son's damages will be assessed at or above $20,000. His reasoning is that the identical language of both policies, "the sum of the applicable limits of liability of this insurance and such other insurance", requires that the $10,000 stated limits of liability of each policy be added to determine that the maximum combined coverage for injuries to one insured person is $20,000 and that each defendant is liable for one-half thereof. The trouble with plaintiff's reliance upon the quoted language is that its context clearly discloses that it was intended to apply only to the determination of each insurer's pro rata share of maximum combined coverage, "the damages" referred to in both policy clauses.
Before that determination can be made, other language identical in both policies, "the damages shall be deemed not to exceed the higher of the *567 applicable limits of liability of this insurance and such other insurance", must be applied to determine the maximum combined coverage of the policies. Giving this language its literal meaning compels the conclusion that the maximum combined coverage of these policies is $10,000, since that sum is the stated limit of liability in both policies.
Having determined the maximum combined coverage of the policies to be $10,000, the language mistakenly relied upon by plaintiff and that which immediately precedes it in each policy then is pertinent to determine what is each insurer's pro rata share of such maximum combined coverage, as we noted earlier, "the damages" referred to in both policy clauses. The pro rata share of each insurer is that proportion of the maximum combined coverage which is equal to the ratio which each policy's stated limit of liability, $10,000, bears to the sum of the stated limits of liability of all applicable insurance ($10,000 plus $10,000). In this case, then, the maximum combined coverage available to the insured is $10,000 and each of the insurers would be liable pro rata for one-half thereof, a maximum liability for each of $5,000.
Reversed and remanded to the circuit court for entry of a declaratory judgment in accordance with this opinion. Defendants may tax their costs.
DETHMERS, C.J., and KELLY, BLACK, T.M. KAVANAGH, O'HARA, ADAMS, and BRENNAN, JJ., concurred.