BLAKESLEE *v.* FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN

1. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE—LIMITATION—"OTHER INSURANCE" CLAUSE—VALIDITY—STATUTE.

An "other insurance-excess insurance" provision in an uninsured motorist clause of an automobile insurance policy is in derogation of the uninsured motorist coverage provision of the insurance code and is of no effect, because that statute mandates that every policy of automobile insurance provide uninsured motorist protection of at least $10,000 unless coverage is rejected in writing by the insured (MCLA §§ 257.504, 500.3010).

2. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE—LIMITATION—"OTHER INSURANCE" CLAUSE—VALIDITY.

An insured, killed in an automobile accident with an uninsured motorist, was entitled to recover the $10,000 full coverage provided by his insurance policy even though the policy contained an "other insurance-excess insurance" clause applicable if the insured was injured while in a car other than his own and if other insurance was available to him, the insured was a passenger in another car when injured, the insured's driver had insurance covering passengers, because automobile insurance policies are required to provide $10,000 uninsured motorist coverage and "other insurance" clauses are thus of no effect (MCLA §§ 257.504, 500.3010).

Appeal from Ingham, Donald L. Reisig, J.  Submitted Division 2 December 11, 1970, at Lansing. (Docket No. 9569.)  Decided March 29, 1971.  Leave to appeal granted, 385 Mich 785.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance § 135 *et seq.*

Complaint by Helen Blakeslee, administratrix of the estate of Jerome Blakeslee, against Farm Bureau Mutual Insurance Company of Michigan for payment of benefits under an automobile insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Shanahan & Scheid,* for plaintiff.

*Gault, Davis & Bowers,* for defendant.

Before: McGregor, P. J., and T. M. Burns and Andrews,* JJ.

T. M. Burns, J. On August 27, 1966, Jerome Blakeslee was riding in an automobile owned and operated by Bernard Butcher. A collision occurred between the Butcher automobile and one owned by Norma Jean Buys and operated by Carl Rhinebolt. Jerome Blakeslee sustained fatal injuries in the automobile collision.

Neither the owner nor the operator of the Buys' automobile was insured. The Butcher automobile and its operator had liability insurance coverage in effect at the time of the accident. The policy, issued by the Riverside Insurance Company, provided for uninsured motorist coverage benefits of $10,000 payable for injuries or death to one person and of $20,000 payable on account of injuries or death to more than one person in a single accident.

The decedent had in effect at the time of the fatal accident a policy of automobile insurance issued by the defendant which also contained uninsured motorist coverage which provided for the same dollar amount of benefits as did the Riverside Insurance Company policy and was subject to benefits for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

injuries or death sustained by Jerome Blakeslee while riding as a passenger in an automobile owned and operated by another person.

Helen Blakeslee, in her capacity as the administratrix of the decedent's estate, instituted a suit against Carl Rhinebolt, the driver of the uninsured automobile, to recover damages resulting from the alleged wrongful death of Jerome Blakeslee. She recovered on her suit in the amount of $112,007.71 with a reduction upon the judgment in the amount of $18,300 as monies received by the administratrix under the Riverside Insurance Company policy and from the Michigan Motor Vehicle Accident Claims Fund. The net judgment against Rhinebolt was, therefore, $93,707.71.[1]

Subsequent to the judgment against Rhinebolt, plaintiff brought suit against defendant seeking recovery of the $10,000 uninsured motorist coverage provided for in the policy defendant issued to the decedent. The cause was submitted to the court upon stipulated facts and judgment was entered in favor of plaintiff for the full $10,000 of the policy coverage. From the judgment entered by the trial court, the defendant appeals as of right.

Defendant denied liability based upon an "other insurance" provision contained in the policy which provides:

"Other Insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under

---

[1] Prior to the entry of the judgment against Rhinebolt, the administratrix had received payment from Riverside Insurance Company in the amount of $8,604.95, and $9,750 from the accident claims fund. The Riverside Insurance Company paid out all of the $20,000 of its coverage, but since a number of persons were injured in the accident, plaintiff's *pro-rata* share came to $8,604.95.

Although the amounts actually received by the plaintiff totaled only $17,854.95, and the trial judge deducted $18,300 from her judgment, plaintiff, in pretrial statement, agreed to treat the payments as totaling $18,300.

Part IV shall apply only as excess insurance over any similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Defendant cites *Horr* v. *Detroit Automobile Inter-Insurance Exchange* (1967), 379 Mich 562, in which our Supreme Court interpreted similar "other insurance" clauses. In that case the court held that the "other insurance" clauses in two separate policies of insurance required *pro-rata* contribution by the two insurance companies, but only until a total of $10,000, the maximum coverage contained in each policy, had been paid to the claimant. In other words each insurance company could be held liable for $5,000, no matter how large the claimant's damages were.

The *Horr* decision is distinguishable from the case at bar, however, because the accident which gave rise to the controversy in *Horr* occurred in 1963. On January 1, 1966, the uninsured motorist coverage provision of the insurance code went into effect.[2]

"No automobile liability or motor vehicle policy * * * shall be delivered or issued * * * in

---

[2] MCLA § 500.3010 (Stat Ann 1971 Cum Supp § 24.13010).

this state * * * unless coverage is provided therein * * * in limits for bodily injury or death set forth in Section 504 of Act No. 300 of the Public Acts of 1949, as amended, being Section 257.504 of the Compiled Laws of 1948 * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * * because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing * * * "

The § 257.504 of the compiled laws referred to in the above statute is part of the Financial Responsibility Act[3] and the minimum insurance limits therein required. Section 257.504(d) provides in pertinent part:

"Every such policy * * * is subject to a limit, exclusive of interest and costs, of not less than $10,000.00 because of bodily injury to or death of 1 person in any one accident."

The Supreme Court in *Horr* specifically did not take the above statutory provisions into consideration in arriving at their decision in that case:

"We find no statutory or decisional laws of this State applicable in 1963 to the insurance clauses requiring our interpretation and the parties assert there were none. Consequently, our task is limited to determining the intent of the contracting parties." *Horr, supra,* p 566.

The question before this court has not been decided since MCLA § 500.3010 (Stat Ann 1971 Cum Supp § 24.13010) has come into effect. The trial court was of the opinion that the statute makes mandatory the payment of minimum coverage and

---

3 MCLA § 257.501 *et seq.* (Stat Ann 1954 Rev § 9.2201 *et seq.*).

that the "other insurance" clause, being in derogation of the statute, is of no effect.

We agree with the trial court. The statute directs in mandatory terms that every policy of insurance provide the requisite uninsured motorist protection unless it is rejected in writing by the insured. The insurer is, therefore, no longer free, as he had been prior to the statute, to insert language restricting the coverage to less than the statute requires.

We are aware of the decisions in other jurisdictions which have held that the insurer may so limit the coverage despite similar statutory language.[4] We are also aware of decisions in other jurisdictions which have interpreted similar statutory language to act as a bar to any such limitations by the insurer.[5] We interpret our statute as mandatory and, therefore, hold that the "other insurance" clause contained in the policy in question is of no effect and the insurance company is liable to the full extent of the minimum coverage mandated by statute.

Affirmed.

All concurred.

_____

[4] See *Trindall* v. *Farmers Automobile Management Corporation* (1967), 83 Ill App 2d 165 (226 NE2d 397).

[5] See *Bryant* v. *State Farm Mutual Automobile Insurance Company* (1965), 205 Va 897 (140 SE2d 817).