ROWLAND *v.* DETROIT AUTOMOBILE INTER-
INSURANCE EXCHANGE

1. Insurance—Other Insurance Clause—Statutes—Construc-
   tion of Statutes.

   Whether an "other insurance" clause in an automobile liability
   insurance policy issued on September 25, 1965 is void as against
   public policy in light of the statute imposing required pro-
   visions in automobile insurance policies need not be decided
   where the effective date of the statute was January 1, 1966
   (MCLA § 500.3010).

2. Insurance—Constitutional Law—Obligation of Contract.

   A statute governing provisions in insurance policies cannot
   apply to policies issued prior to its effective date; any other
   result would be contrary to the constitutional provision that
   "no bill of attainder, *ex post facto* law or law impairing the
   obligation of contract shall be enacted" (Const 1963, art 1,
   § 10).

Appeal from Wayne, Blair Moody, Jr., J. Sub-
mitted Division 1 April 6, 1971, at Detroit. (Dock-
et No. 8440.) Decided June 21, 1971. Leave to ap-
peal granted, 386 Mich 755.

Complaint by Karen Sue Rowland against the De-
troit Automobile Inter-Insurance Exchange on a
policy of automobile insurance. Partial summary
judgment for defendant. Plaintiff appeals. Af-
firmed.

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 761–763.
[2] 16 Am Jur 2d, Constitutional Law § 395 *et seq.*

*Raymond L. Krell*, for plaintiff.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *A. J. Galsterer, Jr.*), for defendant.

Before: Lesinski, C. J., and V. J. Brennan and Danhof, JJ.

Lesinski, C. J.    Plaintiff Karen Rowland's application for leave to appeal in this case was granted by the Michigan Supreme Court and the cause was remanded to this Court for consideration on the merits.[1]    Plaintiff claims error in the partial summary judgment entered below in favor of defendant Detroit Automobile Inter-Insurance Exchange in an action to recover on a policy of automobile liability insurance.

On January 16, 1966, plaintiff, a passenger in an automobile owned and operated by Karl John, was injured as a result of an accident caused by an uninsured motorist.    Both plaintiff and John were insured under separate insurance policies issued by defendant which provided the same uninsured motorist coverage of $10,000 per person and $20,000 per accident.

Plaintiff claims she should be able to recover $10,000 under Mr. John's uninsured motorist coverage and an additional $10,000 under her own policy.    Defendant denies liability for any amount over the $10,000 policy limits of either policy.    Defendant relies on clauses found in both policies which provide:

"Other Insurance—With respect to bodily injury to an insured sustained while occupying an automo-

---

[1] See *Rowland v. DAIIE* (1970), 384 Mich 752.    Plaintiff's claim of appeal was treated as an application for leave to appeal, which was denied by this Court on May 1, 1970.

bile or through being struck by an uninsured automobile, if such insured is a named insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Exchange shall not be liable under this coverage for a greater proportion of the applicable limit of liability of the coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance."

At the outset it should be noted that we are not called upon to interpret the effect of the "other insurance" clause of the policies. That question has been authoritatively settled contrary to plaintiff's position in *Horr* v. *Detroit AIIE* (1967), 379 Mich 562. The only issue presented is whether the restrictions of the "other insurance" clause are void as against public policy in light of the enactment of MCLA § 500.3010 (Stat Ann 1971 Cum Supp § 24-.13010), imposing required provisions in automobile insurance policies. See *Blakeslee* v. *Farm Bureau Ins. Co. of Michigan* (1971), 32 Mich App 115.

Plaintiff's insurance policy was issued September 25, 1965. Since the statute which plaintiff claims invalidates "other insurance" clauses did not become effective until January 1, 1966, we need not reach the issue presented. This case is controlled by *Wells* v. *DAIIE* (1970), 29 Mich App 235, where it was held that MCLA § 500.3010, *supra*, could not apply to policies issued prior to the effective date of the statute. Any other result would be inconsistent with Const 1963, art 1, § 10:

"No bill of attainder, ex post facto law or law impairing the obligation of contract shall be enacted."

We find no statutory or decisional law which requires a result contrary to the holding in *Horr* v. *Detroit AIIE*, supra.

Affirmed. Costs to defendant.

All concurred.