BOETTNER *v.* STATE FARM MUTUAL INSURANCE COMPANY

OPINION OF THE COURT

1. INSURANCE — AUTOMOBILES — UNINSURED MOTORIST COVERAGE — STATUTES — PRORATION.

Every automobile insurance policy, by statute, must provide uninsured motorist coverage of at least $10,000 per person and $20,000 per accident; to allow insurers a proration of their liability when damages exceed the sum of the limits of the multiple policies in force in any one accident would clearly violate the terms of the statute (MCLA § 500.3010).

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 7 Am Jur 2d, Automobile Insurance § 135 *et seq.*
[2] Uninsured motorist insurance: validity and construction of "other insurance" provisions. 28 ALR3d 551.

2. INSURANCE — AUTOMOBILES — UNINSURED MOTORIST COVERAGE —
   MULTIPLE POLICIES — STATUTES.

    Plaintiff-administratrix is entitled to recover under two automobile insurance policies on two automobiles where decedents purchased and paid for uninsured motorist coverage in each policy, even though only one of their automobiles was involved in a fatal accident and both policies contained "other insurance" exclusionary clauses; it would be unconscionable for an insurer to collect a premium for a coverage which it is required by statute to provide and then avoid payment of a loss because of language of limitation which it has devised (MCLA § 500.3010).

### DISSENT BY DANHOF, J.

3. INSURANCE — AUTOMOBILES — UNINSURED MOTORIST COVERAGE —
   MULTIPLE POLICIES.

    *Plaintiff-administratrix is not entitled to recover under two automobile insurance policies on two automobiles owned by a decedent where only one of the insured vehicles was involved in a fatal accident with an uninsured motorist and the policy on the other car excluded coverage when injury occurred while driving in an owned automobile which was not insured under that policy.*

4. INSURANCE — AUTOMOBILES — UNINSURED MOTORIST COVERAGE —
   MULTIPLE POLICIES — STATUTES.

    *The statute requiring every automobile insurance policy to contain uninsured motorist coverage unless the insured rejects such coverage in writing does not invalidate exclusionary causes excluding coverage where injury occurs in an owned automobile which is not insured (MCLA § 500.3010).*

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 April 6, 1971, at Detroit. (Docket No. 10263.) Decided June 24, 1971. Leave to appeal granted October 15, 1971. 386 Mich 759.

Complaint by Beverly Boettner, administratrix of the estates of Emza I. Prochaska and Donald R. Prochaska, both deceased, against State Farm Mutual Insurance Company, for a declaratory judgment determining defendant's liability for uninsured

motorist coverage. Judgment for defendant. Plaintiff appeals. Reversed.

*Garan, Lucow, Miller, Lehman, Seward & Cooper,* for plaintiff.

*Eggenberger, Eggenberger, McKinney & Webber,* for defendant.

Before: LESINSKI, C. J., and V. J. BRENNAN and DANHOF, JJ.

LESINSKI, C. J. We concur with the opinion of Judge DANHOF insofar as it holds the so-called "other insurance" clause invalid in automobile insurance policies issued after the enactment of MCLA § 500.3010 (Stat Ann 1971 Cum Supp § 24.13010).

The holding in *Blakeslee* v. *Farm Bureau Mutual Insurance Company* (1971), 32 Mich App 115, is based upon the statutory command that every automobile insurance policy provide uninsured motorist coverage of at least $10,000 per person and $20,000 per accident. To allow insurers a proration of their liability when damages exceed the sum of the limits of the multiple policies in force in any one accident would clearly violate the terms of the statute.

It is our view that the "exclusionary" clause called into question in this case is a clearer violation of the statutory command. In this regard the relevant portion of MCLA § 500.3010 (Stat Ann 1971 Cum Supp § 24.13010) provides that:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be * * *

issued   * * *   unless coverage is provided therein
* * *  *for the protection of persons insured there-
under who are legally entitled to recover damages
from* [uninsured motorists.]"   (Emphasis supplied.)

Under this statute, an automobile insurance policy
must provide coverage for the insured when he is
entitled to recovery from uninsured motorists (un-
less such coverage is waived in writing).   A person
is entitled to recovery from an uninsured motorist
irrespective of whether he is a passenger in another
car, or the driver of his insured car.

In this case we do have a double premium situa-
tion.   Plaintiff's decedents purchased two insurance
policies and paid for uninsured motorist coverage
twice.   Judge DANHOF's opinion concedes that the
statute commands that uninsured motorist coverage
be included in any policy with respect to any motor
vehicle and that such coverage is not limited to an
injury suffered while occupying that motor vehicle.
It would be unconscionable that insurers collect a
premium for a coverage which they are required by
statute to provide, and then avoid payment of a loss
because of language of limitation devised by them-
selves.

Reversed and remanded.   No costs, a public ques-
tion being involved.

V. J. BRENNAN, J., concurred.

DANHOF, J. (*dissenting*).   I dissent because I be-
lieve we should give effect to the exclusionary clause
contained in the policy.

Plaintiff brought this action seeking a declaratory
judgment that she was entitled to recover under two
policies of insurance issued by the defendant.   The
trial court found for the defendant and the plaintiff
has appealed.

Donald R. Prochaska was the owner of two automobiles; *i.e.,* a 1967 Buick and a 1957 Chevrolet. Each vehicle was covered by a separate insurance policy issued by the defendant requiring separate premiums. Each policy contained uninsured motorist coverage in the amount of $10,000 per person with a limit of $20,000 per accident.

In November of 1968 Donald R. Prochaska and his wife while occupying the 1967 Buick were involved in an accident with an uninsured motorist. As a result of the accident both Mr. and Mrs. Prochaska died.

The defendant concedes that it is liable in the amount of $10,000 to each estate under the policy covering the 1967 Buick. Plaintiff made a claim for uninsured motorist coverage under the policy covering the 1957 Chevrolet. Defendant denied liability and plaintiff commenced a declaratory action to determine defendant's liability. The trial court determined that there was no coverage under the policy insuring the 1957 Chevrolet.

The first question presented is whether the other insurance clauses contained in the policies limit the possible recovery to $10,000 per person. Both the policies contain the following language:

"Other Insurance: With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under his coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.

"Subject to the foregoing paragraph, if the insured has other similar insurance available to him

against a loss covered by this coverage, then the
damages shall be deemed not to exceed the higher
of the applicable limits of liability of this insurance
and such other insurance, and the company shall not
be liable under this coverage for a greater propor-
tion of the applicable limit of liability of this cover-
age than such limit bears to the sum of the appli-
cable limits of liability of this insurance and such
other insurance."

If either of the provisions set forth above are ap-
plied to the case at bar it is clear that State Farm's
liability is limited to a total of $10,000 per person.
Before the enactment of MCLA § 500.3010 (Stat Ann
1971 Cum Supp § 24.13010) these provisions would
have been given effect. *Horr* v. *Detroit Automobile
Inter-Insurance Exchange* (1967), 379 Mich 562.
We must now determine if the statute has changed
the law.  The statute provides:

"No automobile liability or motor vehicle liability
policy insuring against loss resulting from liability
imposed by law for bodily injury or death suffered
by any person arising out of the ownership, main-
tenance or use of a motor vehicle shall be delivered
or issued for delivery in this state with respect to
any motor vehicle registered or principally garaged
in this state unless coverage is provided therein or
supplemental thereto in limits for bodily injury or
death set forth in section 504 of Act No. 300 of the
Public Acts of 1949, as amended, being section
257.504 of the Compiled Laws of 1948, under pro-
visions approved by the commissioner of insurance,
for the protection of persons insured thereunder
who are legally entitled to recover damages from
owners or operators of uninsured motor vehicles, in-
cluding owners or operators insured by an insolvent
insurer, because of bodily injury, sickness or disease,
including death, resulting therefrom, unless the
named insured rejects such coverage in writing as

provided herein. All such policies shall contain a notice, displayed prominently on the front page of the policy, in at least 8-point type that such protection coverage was explained to him and that he can reject such coverage by notice in writing. Unless the named insured requests such coverage in writing, it need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer." PA 1956, No 218, § 3010, added by PA 1965, No 388, § 1, eff. Jan. 1, 1966.

MCLA § 257.504(d) (Stat Ann 1968 Rev § 9.2204) sets forth the minimum insurance limits therein required:

"Every such policy or bond is subject to a limit, exclusive of interest and costs, of not less than $10,000.00 because of bodily injury to or death of 1 person in any one accident, and, subject to said limit for 1 person, to a limit of not less than $20,000.00 because of bodily injury to or death of 2 or more persons in any one accident, and to a limit of not less than $5,000.00 because of injury to or destruction of property of others in any accident."

The question of the validity of other insurance clauses while subject to a split of authority (See Anno: Uninsured Motorist Insurance: Validity and Construction of "Other Insurance" Provisions, 28 ALR 3d 551) was decided by another panel of this Court in *Blakeslee* v. *Farm Bureau Mutual Insurance Company* (1971), 32 Mich App 115. I concur in the decision rendered in *Blakeslee*. See also *Curran* v. *State Automobile Mutual Insurance Company* (1971), 25 Ohio St 2d 33 (266 NE2d 566).

However, a second question not present in *Blakeslee* is presented by the exclusionary clause con-

tained in the insurance policy covering the 1957 Chevrolet. The policy states:

"Insuring Agreement three (III) does not apply: (b) to bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an 'insured automobile'."

Insured automobile is defined as:

"an owned automobile, provided the use thereof is by such first named insured or spouse or any other person to whom such first named insured or spouse has given permission to use such automobile, if the use is within the scope of such permission."

Owned automobile is defined as:

"Owned Automobile—means the motor vehicle or trailer described in the declarations."

When these three clauses are read together it appears that coverage is excluded when the injury is caused by an owned automobile that is not covered by the policy.

The plaintiff's decedents had separate policies for each of the cars. The 1967 Buick that was being driven at the time of the accident was excluded from coverage under the 1957 Chevrolet policy. Therefore, there is no coverage under the policy covering the 1957 Chevrolet and plaintiff's recovery is limited to $10,000 per estate.

Unlike the other insurance clauses, the exclusion is not invalidated by MCLA § 500.3010 (Stat Ann 1971 Cum Supp § 24.13010). The purpose of the statute is served by requiring that every policy of insurance contain uninsured motorist coverage in the statutory amount. When we hold that other insurance clauses are invalid we effectuate the statu-

tory purpose. An insured pays a premium for coverage under each policy and by invalidating other insurance clauses we merely prevent an insurance company from taking away in one clause that which it has been statutorily ordered to provide in another. When we turn to the exclusionary clause we find an entirely different situation. To give effect to the other insurance clause would be to allow a single recovery when there has been a double premium. To refuse to give effect to the exclusionary clause would be to provide for a double recovery when there has been only a single premium.

The statute provides that uninsured motorist coverage must be included in any policy with respect to any motor vehicle. While the statute does require broad coverage, not limited merely to an injury suffered while occupying the motor vehicle, I do not believe that the Legislature intended that coverage be provided for an injury that occurred in the operation of a motor vehicle owned by the insured on which no premium had been paid.

In this case we do not have a double premium situation. The plaintiff's decedents purchased two policies of insurance; each one covered injury occurring when using the motor vehicle named in the policy and at the other times, excluding only injuries involving an owned motor vehicle not covered by the policy. The insurance company contracted to pay up to $10,000 per person for an accident involving either car. It did not contract to pay double benefits for an accident involving either car. This case should be sharply differentiated from the situation in *Blakeslee, supra,* where an injury occurs in which neither of the automobiles are involved. In that case we would have a situation where the company had contracted in each policy to insure the risk and a premium had been paid under each policy. There-

fore, in granting recovery under both policies there is no double recovery. The insured is merely being given what he paid for. In this case by giving effect to the exclusionary clause we would also give the insured what he contracted for, coverage in the amount of $10,000 per person with respect to each automobile.

I would affirm.