COLLINS *v.* MOTORISTS MUTUAL INSURANCE COMPANY

Opinion of the Court

1. Insurance—Automobiles—Occupying—Words and Phrases.

A decedent who was leaning over the trunk of his friend's disabled automobile when he was struck by an uninsured motorist and who had been in the car shortly before he was struck, was "occupying" an automobile within the meaning of insurance policies which define "occupying" as being "in or upon, entering into or alighting from" an automobile.

2. Insurance—Automobiles—Uninsured Motorist Coverage—Other Insurance.

An insurance policy which reduces the liability of the insurer under uninsured motorist coverage where the insured has recourse to other insurance does not comply with the statute requiring all policies of automobile liability insurance to provide coverage in the minimum statutory amounts for the protection of persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles (MCLA §§ 257.504, 500.3010).

3. Statutes—Legislative Intent—Interpretation of Statutes.

Judicial interpretation of a statute in terms of legislative intent is not required where the wording of the statute is clear and unambiguous.

4. Insurance—Automobiles—Uninsured Motorist Coverage.

An insurer cannot limit its liability under the uninsured motorist coverage required by statute through "other insurance" clauses; therefore, an "other insurance" clause must be read out of an automobile liability insurance policy which must be deemed

References for Points in Headnotes

[1] 7 Am Jur 2d, Automobile Insurance §§ 127, 135.
[2, 4–6] 7 Am Jur 2d, Automobile Insurance § 135 *et seq.*
[3] 50 Am Jur 2d, Statutes § 219.

to include the coverage mandated by statute (MCLA §§ 257-.504, 500.3010).

Concurrence by LEVIN, P. J.

5. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE—AC-
   CIDENT CLAIMS ACT—CONSTRUCTION OF STATUTES.

   *The motor vehicle claims act and the section of the insurance
   code requiring uninsured motorist protection in automobile
   insurance policies unless rejected in writing by the insured
   are in pari materia, and when they are read together, it is
   apparent that the legislative purpose in adding the provision
   concerning uninsured motorist insurance to the insurance code
   was to reduce claims against the motor vehicle accident claims
   fund (MCLA §§ 257.1122, 257.1123, 500.3010).*

6. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE—OTH-
   ER INSURANCE—VALIDITY.

   *Automobile insurance carriers cannot eliminate or reduce their
   liability in situations where the insured person has or can
   recover under other insurance since this would defeat the
   objective of encouraging the purchase of uninsured motorists
   insurance—so that persons who are injured by uninsured mo-
   torists will recover part or all of their damages from their
   own insurance, thereby reducing claims against the motor ve-
   hicle accident claims fund—and would therefore be contrary to
   the intent of the Legislature in enacting the provision con-
   cerning uninsured motorist insurance; therefore, an "other
   insurance" clause is invalid to the extent of the statutorily-
   required $10,000/$20,000 uninsured motorist insurance pro-
   tection (MCLA §§ 257.1123, 500.3010, 500.3012).*

Appeal from Wayne, John M. Wise, J. Submitted
Division 1 February 2, 1971, at Detroit. (Docket No.
9808.) Decided October 19, 1971. Leave to appeal
applied for.

Complaint by Marsha Collins against Motorists
Mutual Insurance Company to recover for wrongful
death of her husband under uninsured motorist cov-
erage of two insurance policies. Summary judgment
for defendant. Plaintiff appeals. Reversed and
remanded.

*Goldsmith, Yaker & Goldsmith* (by *Walter J. Goldsmith* and *Hal O. Carroll*), for plaintiff.

*Alexander, Buchanan & Conklin* (by *Wayne L. Ogne*), for defendant.

Before: Levin, P. J., and Quinn and V. J. Brennan, JJ.

V. J. Brennan, J.  On April 5, 1968, plaintiff's husband was struck and killed by an uninsured motorist.  At the time he was struck decedent was bending over the trunk of a vehicle in which he had been a passenger, but which was now disabled.  The accident occurred in the state of Florida.  The plaintiff recovered $10,000 for the wrongful death of her husband under uninsured motorist coverage issued to the owner of the vehicle decedent had been occupying.  Plaintiff now seeks to recover for the wrongful death of her husband under the uninsured motorist provisions of two policies of insurance issued by the defendant, Motorists Mutual Insurance Company, to the decedent.

The defendant denies any liability, citing, first, the fact that plaintiff has already received $10,000 from the insurer of the car which decedent had been occupying (which amount is the limit of defendant's liability under each policy), and, second, the following "other insurance" clause found in each of the policies issued to the decedent:

"Other Insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the insured named in Item 1 of the declarations, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the appli-

cable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.

"With respect to bodily injury to an insured while occupying or through being struck by an 'uninsured automobile', if such insured is a named insured or designated person under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

"Subject to the foregoing paragraphs, if the insured has other similar insurance available to him against a loss insured by this coverage, the company shall not be liable under this coverage for a greater proportion of such loss than the applicable limit of liability hereunder bears to the total applicable limits of liability of all valid and collectible insurance against such loss."

Despite the fact that it accepted premiums for uninsured motorist coverage on *each* policy of insurance it had issued to the decedent, the defendant points out that the courts of this state have interpreted such clauses in insurance policies previously, and have ruled that the effect of such clauses is to terminate the liability of the insurer once the insured has received the maximum benefit he could have received under just one policy. *Horr* v. *Detroit Automobile Inter-Insurance Exchange* (1967), 379 Mich 562; *Arminski* v. *United States Fidelity & Guaranty Company* (1970), 23 Mich App 352, *leave to appeal granted* October 20, 1970, *appeal dismissed* by order dated June 2, 1971, 384 Mich 769.

The plaintiff argues, first, that the "other insurance" clause is inapplicable since decedent was not "occupying" an automobile at the time of his demise. Judge Wise of the Wayne County Circuit Court correctly rejected this argument. Decedent's policies of insurance define "occupying" as "in or upon, entering into or alighting from". In that decedent was leaning over the trunk of his friend's automobile, and had been within it shortly before he was struck, we believe he was "occupying" the vehicle at the time of his death.[1] Since decedent was "occupying" an automobile, the "other insurance" clause is applicable to this situation, and would, under *Horr* and *Arminski,* relieve the insurer of liability.

However, those cases, because of the dates of the accidents, were not governed by the following statute, MCLA § 500.3010 (Stat Ann 1971 Cum Supp § 24.13010), which provides in pertinent part:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in section 504 of Act No. 300 of the Public Acts of 1949, as amended, being section 257.504 of the Compiled Laws of 1948, under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder

---

[1] See *Pagan* v. *Motor Vehicle Accident Indemnification Corporation* (1966), 51 Misc 2d 664 (273 NYS2d 740), where the Supreme Court of New York, New York County, held that an individual who was outside of, but in contact with, a disabled vehicle was "in or upon or entering into or alighting from" that vehicle. See also *Motor Vehicle Accident Indemnification Corporation* v. *Oppedisano* (1964), 41 Misc 2d 1029 (246 NYS2d 879).

who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing as provided herein."

The "limits for bodily injury or death set forth in" PA 1949, No 300 (MCLA § 257.504 [Stat Ann 1968 Rev § 9.2204]), as amended by PA 1955, No 222, and PA 1966, No 247, are:

"not less than $10,000.00 because of bodily injury to or death of 1 person in any one accident, and, subject to said limit for 1 person, to a limit of not less than $20,000.00 because of bodily injury to or death of 2 or more persons in any one accident."

The plaintiff argues that this uninsured motorist statute requires all policies of automobile liability insurance to provide coverage (in the minimum statutory amounts) against uncompensated losses which result from the negligence of an uninsured motorist. She urges this Court that a policy of insurance which denies coverage where the insured has recourse to "other insurance" does not satisfy the clear mandate of the statute. Plaintiff also argues that neither *Horr* nor *Arminski* are applicable to this case. We agree; both of those cases grew out of incidents which occurred before the effective date of our uninsured motorist statute, hence the issue here, (whether "other insurance" clauses conflict with the statute requiring uninsured motorist coverage), was not relevant to the decision in either *Horr* or *Arminski,* and therefore those cases are not relevant to the issue now before us.

In response, the defendant argues that the plaintiff's construction of the statute could result in the

victim of an uninsured motorist being placed in a position more advantageous than the one he would have been in had the tortfeasor been insured in the minimum statutory amount. The defendant is correct in this analysis; if an individual has purchased automobile liability insurance, including uninsured motorist protection, and is injured by an uninsured motorist while riding as a passenger in an automobile whose operator has purchased similar coverage, this individual, under the plaintiff's construction of the statute, would have recourse against the operator's uninsured motorist coverage, and against his own. If the tortfeasor in the above-described circumstances had purchased insurance in the minimum statutory amounts, the passenger-victim would have recourse to only one policy of insurance, *i.e.*, the tortfeasor's.

The defendant argues that the Legislature could not have intended such an anomalous result, and urges that the statute has been satisfied if the insured victim of an uninsured motorist has been compensated up to the statutory minimum amount of $10,000. Another panel of our Court has rejected just such an argument in *Blakeslee* v. *Farm Bureau Mutual Insurance Company of Michigan* (1971), 32 Mich App 115, and has held that an "other insurance" clause which reduces the liability of the insurer where an insured has recourse to another policy of insurance violates the uninsured motorist statute. We agree with the holding.

The most logical manner in which to ascertain the intention of the Legislature is through the wording of the statute. It is only when a statute is ambiguous that a court is forced to interpret it in terms of legislative intent. Here, the meaning of the statute is clear; it provides, without uncertainty or ambiguity, that no automobile liability policy shall be

issued in this state unless it provides coverage, in the statutory minimum amounts, for the protection of the persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. The statute does not say that each insured should have access to the minimum statutory amount of insurance to compensate him for losses caused by an uninsured motorist, but that *each policy* of insurance shall provide such coverage.

As this Court noted in *Blakeslee,* a number of our sister states have adopted substantially similar, and in some cases identical, uninsured motorist statutes. Many of those states have already faced the question which faces this Court now; the manner in which those states have resolved this issue has not been uniform. A number of states have held "other insurance" clauses a valid limitation on the liability of the insurer on the theory that:

"The design and purpose of the uninsured motorist insurance statute was to provide protection only up to the minimum statutory limits for bodily injuries caused by financially irresponsible motorists. The statute was not designed to provide the insured with greater insurance protection than would have been available had the insured been injured by an operator with a policy containing minimum statutory limits." *Maryland Casualty Company* v. *Howe* (1965), 106 NH 422, 424 (213 A2d 420, 422).[2]

This reasoning does not impress us. The statute, and therefore the legislative intent, is both clear and certain. Furthermore, we see no evil in a situation which on some occasions gives an injured party a greater opportunity to receive full compensation for injuries he has suffered.

---

[2] For other cases reaching the same result on similar grounds see Anno: 28 ALR3d 551, 557.

Had the Legislature intended "to provide protection only up to the minimum statutory limits" it could easily have so provided in the statutory scheme.[3] The Legislature having made no such provision, we believe that: "There appears no latitude in the statute for an insurer limiting its liability through 'other insurance' * * * clauses". *Sellers v. United States Fidelity & Guaranty Co.* (Fla, 1966), 185 So2d 689, 690.

The "other insurance" clause, being in violation of the uninsured motorist statute, must therefore be "read out" of the policy, and the policy deemed to include the coverage mandated by statute. MCLA § 500.3012 (Stat Ann 1957 Rev § 24.13012); *Oatis v. Dairyland Insurance Co.* (1969), 20 Mich App 367. The decedent having purchased two policies of insurance from the defendant, and not having waived the statutorily-required uninsured motorist coverage as provided in the statute, the defendant insurer is liable to his estate in an amount up to $10,000 for each policy. We reverse and remand for trial on the issue of damages.

As with the other states which have held that "other insurance" clauses are impermissible in this context, we also hold that "it was not intended by the [Legislature] that an insured shall receive more from such coverage than his actual loss, although he is the beneficiary under multiple policies." *Moore v. Hartford Fire Insurance Company Group* (1967), 270 NC 532, 543 (155 SE2d 128, 136). In this regard, the key phrase in the statute is "legally entitled to recover damages from owners or operators of uninsured motor vehicles". If an insured's loss

---

[3] At least one state, California, has done just that; see *Grunfeld v. Pacific Automobile Insurance Company* (1965), 232 Cal App 2d 4, 7 (42 Cal Rptr 516, 518).

has been totally compensated by other insurance, he is no longer "legally entitled" to recover damages.

Reversed and remanded.

QUINN, J., concurred.

LEVIN, P. J. (*concurring*). I agree with the result reached by my colleagues but on different grounds.

The facts of this case and in *Blakeslee* v. *Farm Bureau Mutual Insurance Co. of Michigan* (1971), 32 Mich App 115, where we also held that an "other insurance" exception to uninsured motorist protection was invalid, obscure what to me is the criticial factor to be considered in construing § 3010 of the insurance code[1] requiring uninsured motorist protection unless such coverage is rejected in writing by the insured.

Because of the atypical facts in this case and in *Blakeslee*, the decision in this case and in that one does not affect, except precedentially, the motor vehicle accident claims fund. However, in the more typical case where the accident occurs in Michigan and where the damages are far less than they were

---

[1] "No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in section 504 of Act No. 300 of the Public Acts of 1949, as amended, being section 257.504 of the Compiled Laws of 1948, under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing as provided herein."   MCLA § 500.3010 (Stat Ann 1971 Cum Supp § 24.13010).

in the *Blakeslee* case,[2] it will be a matter of great importance to the fund whether insurance carriers may eliminate their liability on the ground that the insured person has other insurance protection.

We have previously held that § 3010 of the insurance code and the motor vehicle accident claims act are in *pari materia.*[3]

Under § 23 of the motor vehicle accident claims act, the fund is obliged to compensate persons injured by uninsured motorists to the extent of $10,-000 on account of injury to or death of one person and $20,000 for two or more persons in any one accident, but the fund's liability is limited to situations where the damages caused by the uninsured motorist *exceed* (i) whatever amount "is recovered from any other source in partial discharge of the claim or judgment," and (ii) amounts "paid or payable by an insurer".[4]  Sections 22(2) and 22(3) of the act

---

[2] In neither this case nor in *Blakeslee* does our decision affect the fund.

In this case the accident occurred in Florida, and the fund is only required to respond when the accident occurs in Michigan.

In *Blakeslee*, the net unrecovered judgment against the uninsured motorist was for over $90,000, and, therefore, if timely claim was made against the fund, it was probably obliged to pay $10,000 to the injured plaintiff without regard to whether Farm Bureau Mutual Insurance Co. was also required to pay $10,000 under the uninsured motorist insurance protection which it had written.

[3] *Woods* v. *Progressive Mutual Insurance Co.* (1968), 15 Mich App 335, 337; *Oatis* v. *Dairyland Insurance Co.* (1969), 20 Mich App 367, 372.

Section 3010 was added to the insurance code by PA 1965, No 388. That amendatory act was approved the same day as PA 1965, No 389 which amended the motor vehicle accident claims act (PA 1965, No 198) before that act became effective.

[4] "(2) Where any amount is recovered from any other source in partial discharge of the claim or judgment, or where a claim or judgment for damages is reduced by an amount paid or payable by an insurer or any other person, as provided in section 22(2) or (3) of this act, then the limitations set forth in subsection 1 of this section [$10,000 for one person and $20,000 for two or more persons in any one accident] shall be applicable to the excess of the claim or judgment over the amount by which the claim or judgment is partially satisfied or is reduced under section 22(2) or (3)." MCLA § 257.1123(2) (Stat Ann 1968 Rev § 9.2823[2]).

similarly provide that no payments shall be made out of the fund "of any amount paid or payable by an insurer by reason of the existence of a policy of insurance".[5]

Since the fund is liable only to the extent that an injured person does not recover from other sources or from an insurer under a policy of insurance, it would tend to reduce potential claims against the fund if insured drivers carry insurance protection against the risk of damage caused by uninsured motorists. Read in conjunction with the motor vehicle accident claims act it is apparent that the legislative purpose in adding § 3010 to the insurance code (requiring insurance carriers to provide uninsured motorist protection unless such coverage is rejected by the policy holder in writing) was to reduce claims against the fund.

Having in mind that legislative purpose, it is clear that allowing insurance carriers to eliminate or reduce their liability in situations where the insured person has or can recover under other insurance would be contrary to the intent of the Legislature[6] and on that ground I agree with my

---

[5] "(2) No payment shall be made out of the fund in respect to a claim or judgment for damages or in respect to a judgment against the secretary, of any amount paid or payable by an insurer by reason of the existence of a policy of insurance or of any amount paid or payable by any other person by reason of the existence of any policy, contract, agreement or arrangement, providing for the payment of compensation, indemnity or other benefits.

"(3) No amount sought to be paid out of the fund shall be sought in lieu of making a claim or receiving a payment that is payable by reason of the existence of a policy of insurance, or in lieu of making a claim or receiving a payment that is payable by reason of the existence of any policy, contract, agreement or arrangement, providing for the payment of compensation, indemnity, or other benefits, to which the claimant would be entitled in the absence of this act." MCLA § 257.1122(2), (3) (Stat Ann 1968 Rev § 9.2822[2], [3]).

[6] An example will illustrate. Suppose an insured person is injured by an uninsured motorist and the damages are $20,000. If the insured person recovers, as did the plaintiff in this case, $10,000 under other insurance and is permitted to recover $10,000 under the

colleagues that an "other insurance" clause is invalid to the extent of the statutorily required $10,000/$20,000 uninsured motorist insurance protection.[7]

In this connection, see *Allstate Insurance Co.* v. *Motor State Insurance Co.* (1971), 33 Mich App 469, where we held invalid an exception to the public liability coverage in an automobile liability insurance policy for accidents caused while the vehicle is being operated by an "excluded driver."

uninsured motorist protection provided by a policy he carries himself, then the fund has no exposure whatsoever. On the other hand, if an other-insurance clause in the uninsured motorist policy he carries himself is valid, then his unrecovered damages are $10,000 and he may collect $10,000 (the limit of the fund's liability) from the fund.

[7] "Such a liability insurance policy issued in violation of sections 3004 through 3012 shall, nevertheless, be held valid but be deemed to include the provisions required by such sections, and when any provision in such policy or rider is in conflict with the provisions required to be contained by such sections, the rights, duties and obligations of the insured, the policyholder and the injured person shall be governed by the provisions of such sections". MCLA § 500-.3012 (Stat Ann 1957 Rev § 24.13012).