ROWLAND v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

1. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—STATUTES—UN-
INSURED MOTORISTS—CONSTITUTIONAL LAW—CONTRACTS.

A statute governing uninsured motorist coverage in automobile
liability insurance policies cannot apply to automobile insur-
ance policies issued prior to its effective date; any other result
would be inconsistent with the constitutional provision that no
law impairing the obligation of contract shall be enacted (Const
1963, art 1, § 10; MCLA 500.3010).

2. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—UNINSURED MO-
TORISTS—GUEST PASSENGERS—NAMED INSURED.

3. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—UNINSURED MO-
TORISTS—GUEST PASSENGERS—SIMILAR INSURANCE.

An "exclusions" clause in an automobile insurance policy provid-
ing that the insurance afforded by the uninsured motorist
coverage in the policy did not apply "to bodily injury to an
insured sustained while occupying any automobile, other than
an owned automobile, if the owner of such automobile has
insurance similar to that afforded by this coverage and such
insurance is available to such insured" applies and the guest
passenger cannot recover on her policy where she sustained

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law §§ 177, 434 *et seq.*
[2, 3] 7 Am Jur 2d, Automobile Insurance §§ 127, 128.

bodily injury while occupying an automobile not owned by her, the host driver was the owner, and the host driver had identical insurance, not merely similar, to that of the guest passenger as they were insured by the same company which establishes that "such insurance" was *available* to her.

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and V. J. Brennan and Danhof, JJ., affirming Wayne, Blair Moody, Jr., J. Submitted May 2, 1972. (No. 4 May Term 1972, Docket No. 53,621.) Decided October 31, 1972.

34 Mich App 267 affirmed.

Complaint by Karen S. Rowland against the Detroit Automobile Inter-Insurance Exchange for a declaratory judgment of the amount of coverage under a policy of automobile insurance and to recover thereon. Partial summary judgment for defendant. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Affirmed.

*Raymond L. Krell,* for plaintiff.

*A. J. Galsterer,* for defendant.

WILLIAMS, J. The insurance issues in this case are basically similar to those present in *Blakeslee v Farm Bureau Mutual Ins. Co,* 388 Mich 464 (1972).

I.  Does 1965 PA 388; MCLA 500.3010; MSA 24.13010 invalidate such "other insurance" and/or "exclusions" clause limitations? Specifically, can the injured insured guest passenger of an insured host driver, who is injured in an accident through the fault of an uninsured motorist, combine recoveries (*i.e.* stack or pyramid) from the defendant insurance company which covered both the guest passenger and

host driver, in excess of the limitation provisions where the insurance was issued before the passage of 1965 PA 388 but the injury occurred afterwards?

II. If not, does the specific language of the (A) "other insurance" limitation against recovery on other insurance policies as well as the primary policy, or (B) the separate fall back "exclusions" clause from recovery on other policies in the uninsured motorist coverage apply to the facts of the instant case so as to bar the guest passenger recovery up to the full amount on both policies?

On January 16, 1966, Karen Sue Rowland was riding as a guest passenger in the car of the host driver and owner Karl W. John. A collision occurred between the host driver and an uninsured motorist. The uninsured motorist was indisputably at fault in the accident which resulted in severe injury to the guest passenger. The host driver had uninsured motorist liability coverage through defendant DAIIE that allowed recovery in the amount of $10,000 against an uninsured motorist for each passenger. The guest passenger had a similar but independent policy of insurance issued to her by the defendant upon her own vehicle that gave her the same protection for injuries caused by an uninsured motorist.

The defendant paid $10,000 to the injured guest passenger under the host driver's policy, but refused to pay an additional $10,000 under the guest passenger's own policy due to restrictive clauses in the policy.

The guest passenger instituted suit against the

driver of the uninsured automobile to recover damages. She recovered on her suit in the amount of $87,000.

Prior to the judgment against the driver of the uninsured vehicle, the guest passenger brought suit in Wayne County Circuit Court seeking a declaratory judgment on the coverage of her policy. The Honorable Blair Moody, Jr. entered an order for partial summary judgment of no cause for action in favor of the defendant. The Court of Appeals denied plaintiff's request for leave to appeal. On appeal to this Court, we granted plaintiff's application for leave to appeal and remanded said cause to the Court of Appeals to be considered on the merits. The Court of Appeals, in affirming the trial court's decision, held 1) that the "other insurance" clause cut off the guest passenger's recovery on her policy, and 2) that MCLA 500.3010 was inapplicable since the policy of insurance was issued prior to the statute taking effect and could have no retroactive effect.

## I.

Our statute, MCLA 500.3010, which was controlling in both *Blakeslee* and *Boettner*,[1] is not applicable in this case. The guest passenger's insurance policy was issued September 25, 1965. Since the statute did not become effective until January 1, 1966, it cannot be a factor in the outcome of this case. We agree with the Court of Appeals (34 Mich App 269) that the applicability of the statute is controlled by *Wells v Detroit Automobile Inter-Insurance Exchange,* 29 Mich App 235 (1970) where it was held that MCLA 500.3010 could not apply to policies issued prior to the effective date of the statute. Any other result would be inconsistent with Const 1963, art 1, § 10:

---

[1] *Boettner v State Farm Mutual Ins Co,* 388 Mich 482 (1972).— REPORTER.

"No bill of attainder, ex post facto law or law impairing the obligation of contract shall be enacted."

## II.

Thus we are left with the problem of determining whether the "other insurance" clauses or the "exclusions" clause of the policy apply to our case to prohibit the guest passenger from recovering under her policy.

A. "Other Insurance"

The "other insurance" clause reads in pertinent part:

"With respect to bodily injury to an insured sustained while occupying an automobile or through being struck by an uninsured automobile, if such insured is a named insured under other similar insurance available to him, * * * ".

The Court of Appeals felt that there need be no interpretation of this clause as they found any interpretative questions settled by *Horr v Detroit Automobile Inter-Insurance Exchange*, 379 Mich 562 (1967). With this we cannot agree. The "other insurance" clauses of the AAA policies involved in both *Horr* and the present case are identical. They are expressly applicable to limit recovery only when "the named insured is a named insured under other similar insurance available to him * * * ." In *Horr*, there was no controversy as to whether plaintiff's injured son was a "named insured" under the plaintiff's policy; he clearly was so named because the plaintiff's policy covered the plaintiff's son specifically.

The present guest passenger is not a "named insured" under her host driver's policy in the strict sense that her name is used or that she is referred to as a member of the family or some

other pertinent relationship. Thus under the plain meaning of the language contained in the "other insurance" clause, the clause is not applicable to her case.

If the defendant wished to make the "other insurance" clause applicable to all cases where the claimant has other insurance available to him following an accident, it should have worded its policy accordingly.

B. "Exclusions" Clause

The "exclusions" clause in defendant's policy reads in pertinent part:

"The insurance afforded by this coverage [uninsured motorist] does not apply:

"(1) to bodily injury to an insured sustained while occupying any automobile, other than an owned automobile, if the owner of such automobile has insurance similar to that afforded by this coverage and such insurance is available to such insured;"

If this clause applies to our facts, the guest passenger cannot recover on her policy.

The guest passenger sustained bodily injury while occupying an automobile not owned by her. The host driver was the owner. The host driver had identical insurance, not merely similar, to that of the guest passenger as they were insured by the same company. This fact also establishes that "such insurance" was *available* to the guest passenger. Therefore the "exclusions" clause does apply to our facts.

We affirm. Costs to defendant.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.

BLACK, J. did not sit in this case.