(94 South. 345)

INTERSTATE CASUALTY CO. v. STEWART. (3 Div. 584.)

(Supreme Court of Alabama. Nov. 2, 1922.)

Insurance ⟨key⟩424—Striking embankment by automobile held collision, under policy insuring against damages by collision with stationary objects.

Where policy insured automobile against damages by reason of collision with other vehicles or stationary objects, and the automobile was accidently driven into an embankment, the accident with resulting damages *held* within the terms of the indemnity.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Action by R. G. Stewart against the Interstate Casualty Company. From a judgment for plaintiff, defendant appeals. Transferred

from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Stokely, Scrivner & Dominick, of Birmingham, and Powell & Hamilton, of Greenville, for appellant.

When an automobile runs up an embankment on the side of a road and turns over, such casualty is not a collision, as the word is commonly understood. 173 Wis. 533, 181 N. W. 733, 14 A. L. R. 179; (Cal. App.) 200 Pac. 750; 147 N. W. 360; 89 Wash. 93, 154 Pac. 137; (Tex. Civ. App.) 196 S. W. 575. A policy insuring one against damage resulting to his automobile, "caused solely by being in collision with any other automobile, vehicle, or other object, either moving or stationary," is not an obligation to indemnify one for damage to his car when, while on the highway, it runs up an embankment and turns over. 80 Misc. Rep. 522, 141 N. Y. Supp. 502; authorities supra.

Lane & Lane, of Greenville, for appellee.

An insured automobile is within the coverage of a policy against damage "caused solely by being in collision with any other automobile, vehicle or other object, either moving or stationary," when the automobile, running at 15 miles an hour, leaves the road and strikes an embankment with such force as to drive one wheel as high as a man's head and the other as high as his knee, causing the automobile to turn over. 213 Mich. 523, 181 N. W. 1007, 14 A. L. R. 183; 82 N. J. Law, 641, 82 Atl. 908, 48 L. R. A. (N. S.) 564; 78 Misc. Rep. 105, 138 N. Y. Supp. 662; 170 Ill. 379, 48 N. E. 1000; 175 Mo. App. 171, 157 S. W. 870; 107 Mo. App. 217, 81 S. W. 206; Berry, Auto (3d Ed.) § 1722; Babbitt, Motor Vehicles (2d Ed.) § 788.

THOMAS, J. The suit was on a policy of "indemnity insurance." Defendant pleaded in short by consent the general issue, with leave to give in evidence any matter that might be specially pleaded, with like leave of reply on plaintiff's part. The case was tried without a jury, and resulted in a verdict for plaintiff.

Plaintiff's action was to recover damages for injury to a Ford automobile, alleged in the complaint to have been caused solely by being in collision with a stationary object, to wit, a bank or mound of dirt, which automobile and its operating equipment the defendant had insured against damage caused by collision. The terms of the policy whereby plaintiff was insured by defendant are as follows:

"In consideration of an additional premium of —— included in policy —— dollars ($——), it is mutually understood and agreed by and between the company and the assured that the within policy shall extend to and cover the assured as follows: From and after noon of the 18th day of September, 1920.

"Against loss or damage to any of the automobiles herein described, including its operating equipment while attached thereto, if caused solely by being in collision with any other automobile, vehicle or other object, either moving or stationary, excluding, however, (1) all loss or damage by fire from any cause whatsoever; (2) loss or damage to any tire due to puncture, cut, gash, blow-out or other ordinary tire trouble, and excluding in any event loss or damage to any tire unless caused by an accidental collision which also causes other loss or damage to the automobile insured; (3) all loss or damage occurring while the automobile insured is being operated in any race or speed contest or while being operated by any person under the age of sixteen years or under the age limit fixed by law. Each claim shall be adjusted separately."

At the time of the accident the plaintiff was driving the insured car in said county, over a hill, and when he came to the top thereof something went wrong with his steering gear; he lost control of the car, which started down hill and ran into and up an embankment outside of the road. The car struck the embankment almost at right angles, with both front wheels, breaking and crushing one wheel, and turned over. It should be further stated that the embankment into which plaintiff's automobile ran was about 10 feet from the road; that the left front wheel, which was shown to have struck the embankment first, was broken; that one wheel went up the embankment "as high as my [witness'] head and the other about as high as my [his] knee."

It is the contention of the appellant that—

"The injury to appellee's car was not caused solely by being in collision with any other automobile, vehicle, or other object either moving or stationary, according to the terms of the policy of insurance upon which appellee bases his cause of action; and the action of the court in giving judgment for the appellee, which was duly excepted to, * * * is made the basis of assignment of error."

Many authorities are cited by counsel as to the meaning of the words of the policy, "collision with any other automobile, vehicle or other object, either moving or stationary." When an automobile, covered by a policy of insurance indemnifying against damage caused solely by being in "collision with any other automobile, vehicle or other object, either moving or stationary," is running at an ordinary or necessary rate of speed, and for any cause leaves the road, striking an embankment of earth outside of the roadway with such force as to drive the wheels against the same, crushing one of the front wheels and causing the automobile to turn over with resulting damage, it is within the instant contract terms of indemnity. Harris v. Amer. Cas. Co., 83 N. J. Law, 641, 85 Atl. 194, 44 L. R. A. (N. S.) 70, Ann. Cas. 1914B, 846; Universal Service Co. v. Amer.

Ins. Co., 213 Mich. 523, 181 N. W. 1007, 14 A. L. R. 183, 187, note.

We have examined the authorities cited, and it will not be necessary to discuss each in detail to ascertain the meaning of the terms of indemnity under the contract involved. In Bell v. Amer. Ins. Co., 173 Wis. 533, 181 N. W. 733, 14 A. L. R. 179, at the time of the accident the plaintiff was driving his automobile along a city street, turned into an avenue with the intention of backing to turn his car around, and in so doing crossed the sidewalk, practically stopped the machine preparatory to backing out, when one side gradually settled into the earth and the car turned over. Held, that this was not a collision within the terms of the policy. In Moblad v. Western Indemnity Co. (Cal. App.) 200 Pac. 750, the automobile of assured was being driven along the road, and, in order to avoid striking another vehicle, the driver swerved to the outer edge of the thoroughfare which gave way, causing the automobile to run down an embankment and turn over. Held, that the consequent damage was but the operation of physical laws set in motion when the car turned over on the edge of the roadway and was not a collision such as was covered by the policy of assured. In Stuht v. U. S. Fid. & Guar. Co., 89 Wash. 93, 154 Pac. 137, the automobile of the assured was upset at the edge of a bank, when the driver was attempting to make a short or quick turn. Held, that the upsetting of the car was not the direct result of a collision within the terms of the policy of insurance; that there was nothing in the roadway, movable or stationary, that the automobile did collide with, and that the evidence showed a case where the car upset "before it struck anything outside of the road." In O'Leary v. St. Paul F. & M. Ins. Co. (Tex. Civ. App.) 196 S. W. 575, the car of insured was stored in a garage, and was damaged by the second floor of the building falling upon it. The foregoing authorities are not apt in the instant case.

In Harris v. Amer. Cas. Co., supra, the contention of appellee is strongly supported. The damage to the car of the insured was caused by a machine being driven off the side of a bridge and falling into the stream below; and recovery was allowed under a policy indemnifying against injury solely the result of collision with a moving or stationary object. The justice illustrates his position by saying:

"Suppose a person driving an automobile along a road comes to a place where a highway bridge over a chasm had fallen away, and the machine be precipitated to the ground below, can it be said that there could be no recovery under such a policy as is here sued on, because the damage to the machine was caused by collision with the flat earth, instead of some upright or perpendicular object on the earth? We think not. To hold that there could be no recovery under such circumstances would be to misconstrue terms of a contract concerning which there is no room for construction, because the meaning is perfectly plain." 83 N. J. Law, 645, 85 Atl. 196, 44 L. R. A. (N. S.) 76, Ann. Cas. 1914B, 846.

The policy involved in Hardenburgh v. Employers' Liab. Assur. Corp., 78 Misc. Rep. 105, 138 N. Y. Supp. 662, indemnified "the assured against loss or damage to" his automobile if caused solely by collision, etc. The plaintiff's automobile, upon meeting a wagon on the highway, was steered into the grass at a point where the grass was level with the roadbed, and then down an incline below that level. While endeavoring to return to the roadbed, in a position at right angles thereto, and attempting to proceed "up the shoulder of the road, one of the wheels collapsed and the machine was overturned." Held, there was sufficient collision between the shoulder of the roadbed and the wheel, within the meaning and intent of the policy, to justify a verdict for plaintiff in case the automobile did not strike the roadbed. This case was reversed on appeal, in 80 Misc. Rep. 522, 141 N. Y. Supp. 502, on the ground that the burden rested on the plaintiff to prove that the damage sustained was the result of a collision with some "object, either moving or stationary," and that no evidence was given of the existence of any object with which the automobile did or could have come into collision. The last holding, however, was not to the effect that a collision might not have been predicated on contact between the wheel of the automobile and the shoulder of the roadbed, if it had been shown that the collapse of the wheel had been due to such contact. Wetherill v. Williamsburgh City Fire Ins. Co., 60 Pa. Super. Ct. 37.

The judgment of the circuit court was in line with the reasonable construction of the terms of such policies of assurance given in other jurisdictions; and we affirm that judgment.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.