ALFRED E. JONES,. Plaintiff and Appellant, v. VIRGINIA
SURETY COMPANY, Defendant and Respondent.

No. 10863.
Submitted February 10, 1965. Decided May 5, 1965.
401 P.2d 570.

Smith, Boone & Karlberg, Missoula, Karl Karlberg (argued),
Missoula, for appellant.

Jeremy Thane (argued), Missoula, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment for the defendant. The case was tried before the Honorable Emmett Glore without a jury, on an agreed statement of facts.

The agreed statement of facts is as follows:

"On June 13, 1962, plaintiff was the owner of a 1962 Autocar truck, Motor No. 177878. On that date the truck was being driven on a Forest Service Road. A logging contractor was working in the forest adjacent to the road. As the plaintiff's truck drove down the road a log was felled by an employee of the logging contractor. That the log fell in such a manner that it fell over the bank of the road and onto the radiator and hood of plaintiff's truck, thereby damaging the same.

"At the time of the event mentioned the truck was insured against collision loss in the defendant under a policy which agreed to pay plaintiff for collision losses suffered by him, deducting however the sum of $250. That the insuring clause was in this language:

" 'Coverage E—Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declaration as applicable hereto.'

"That the comprehensive insurance clause in said policy contains this language:

" 'Coverage D—Comprehensive Loss of or Damage to the automobile, Except by Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail,

water, flood, malicious mischief or vandalism, riot, or civil commotion shall not be deemed loss caused by collision or upset.'

"That the plaintiff had not purchased and was not insured under the comprehensive coverage.

"That the provisions of the policy relative to exclusions do not mention falling objects.

"Following the accident plaintiff reported the loss to the defendant's agent, who had sold him the policy and was referred by such agent to John R. Cook who was the adjuster for the defendant. That plaintiff provided all of the information requested by John R. Cook. That plaintiff was ready, able and willing to make the proof of loss required by the policy, but was advised by John R. Cook within the time provided by the policy for providing proofs of loss, that the company had denied all liability on the ground that the policy did not cover the loss involved, and that the company would not accept a proof of loss. For this reason plaintiff did not file a written proof of loss."

Court rendered judgment for respondent Insurance Company, on the basis of the agreed statement of facts.

The appellant sets forth four specifications of error, which are as follows:

(1) The district court erred in entering judgment in favor of defendant and against the plaintiff.

(2) The district court erred in failing to enter a finding that the damage to the insured automobile was covered by collision insurance purchased by plaintiff.

(3) The court erred in construing the word "collision" as meaning impact other than those from falling objects, including objects which were felled by a human hand.

(4) The court erred in finding that the damage to the plaintiff's (appellant's) truck was not caused by a collision within the definition of collision as set forth in the insurance policy issued by the defendant (respondent).

These specifications of error will be discussed in the two questions raised by the briefs.

(1)  Was there a collision within the meaning of our statutes and case law that will bring the fact situation within Coverage E of the policy?

(2)  Is Coverage D the comprehensive loss provision a part of the policy purchased by the appellant?

██  In 1924, this court had before it in the case of T. C. Power Motor Car Co. v. United States Fire Ins. Co., 69 Mont. 563, 223 P. 112, 35 A.L.R. 1028, the problem of defining what was a collision under an insurance policy collision clause. There the court, quoting from the Century Dictionary, defined a collision as follows: " 'The act of striking or dashing together; a striking together of two bodies; the meeting and mutual striking or clashing of two or more bodies, or of a moving body with a stationary one; the dashing together of two railroad trains or of two boats or ships.' " This broad definition of what constitutes a "collision" has been cited and adopted in a number of states in interpreting insurance clauses similar to that of this case. Fifteen states, including Alabama, Arizona, California, Connecticut, Florida, Kansas, Illinois, Louisiana, Missouri, Nebraska, New Jersey, Oregon, Tennessee, Texas and Vermont, are among the states which have adopted this definition. See Interstate Casualty Co. v. Stewart, 208 Ala. 377, 94 So. 345, 26 A.L.R. 427; 105 A.L.R. 1426; Universal Service Co. v. American Insurance Co., 213 Mich. 523, 181 N.W.1007, 14 A.L.R. 183.

██  Certainly, it cannot be that the word "collision" is restricted to the striking of another object or vehicle on the same level as the vehicle driven by the plaintiff. Here the word "collision" is in nowise limited or restricted to collision with any particular thing. In the stipulated facts presented there was a striking together; the falling tree with the truck body. The tree constituted an obstruction in the line of movement of the truck. We hold that under the broad definition

of the T. C. Power Motor Car case, supra, that a collision resulted.

It should be noted too that the T. C. Power Motor Car case, supra, defined an object as "An 'object' is defined in Webster's New International Dictionary as: 'That which is put, or which may be regarded as put, in the way of some of the senses. Something visible or tangible.' In common usage these terms are given a meaning which accords with the above definitions." Unquestionably under this definition of an object, the falling tree, was something seen by the driver instantaneously and is applicable in considering Coverage E.

Concerning question two, whether the comprehensive clause is part of the insurance policy purchased by the plaintiff, we think that it is not under the better-reasoned opinions reviewed by this court.

Being a matter of first impression to this court, we have carefully considered the two outstanding cases expressing opposite views, Barnard v. Houston Fire & Casualty Insurance Company (La.App.1955), 81 So.2d 132, 54 A.L.R.2d 374, and Fisher v. California Insurance Co., 236 Or. 376, 388 P.2d 441.

In the Fisher case, supra, the damage to the car occurred when a heavy wind storm blew a tree down on the plaintiff's parked car, and the court held, as do a majority of the cases, that what are commonly referred to as "Acts of God" accidents are not collisions within the meaning of the policy. Then the court holds that the policy must be read in the manner urged by the insurance company, reasoning that insurance contracts must be construed as a whole. The court said: "We do not think that it is reasonable to say that the insured is required to read only that part of a policy which directly deals with the coverage he seeks."

Barnard v. Houston Fire & Casualty Co., supra, takes the opposite view in a factual case on all fours with this case. There the court said: "In the first place, 'Coverage D' relative to comprehensive loss or damage constitutes no effective part

of the insurance contract between plaintiff and defendant. Plaintiff's rights are governed by the provisions of clause 'Coverage E-1' pertaining to collision or upset. There is no provision there for excluding damage or loss caused by 'falling objects.' Statement of defendant's liability under this coverage, which is otherwise clear, is not affected by apparently contradictory expressions under other, and distinct, clauses of the policy and which in reality constitute no part of the contract. If given any effect whatever, they would only tend to obscure and confuse and cast doubt upon terms of the contract which are otherwise definite."

This opinion, holding that the unpaid for clause should not be considered as an indicia of intent, seems wise and just. For as has been pointed out by an article on the question in Vol. 24, University of Chicago Law Review, p. 170, in order for a court to hold otherwise a court must make two assumptions in order that the intent of the insurer can be determined by looking at the coverages he did not purchase:

"First, it must assume that the insured has read all the coverage offered in the policy, not just those which he bought. Such an assumption seems unjustified: The policy may have been purchased by an insured who asked for collision only and who had no occasion to read the other coverages. Furthermore, a reasonable reading of the declaration at the beginning of the standard policy seems to require a reading of only the coverages desired. * * *

"Second, the court must assume that the insured read the coverages as being mutually exclusive, although some coverages are not. For example, in many policies loss caused by windstorms, hail, earthquakes and explosions is covered both in the comprehensive clause and in a separate clause. While it must be admitted that the comprehensive and collision clauses are most susceptible to being read as mutually exclusive, it is unreasonable to demand that an insured draw the fine line be-

tween those coverages that are mutually exclusive and those that are not."

Adhering to the rule, long-established in this court, that an insurance policy should be read most strongly against those who have written the terms of the policy, then in this case, the respondent Insurance Company should not be allowed to escape liability on the argument that the policy is controlled by the unpaid for clauses of the policy. Holmstrom v. Mutual Benefit Health & Accident Ass'n, 139 Mont. 426, 364 P.2d 1065; Parke v. New York Life Ins. Co., 95 Mont. 503, 28 P.2d 443.

Accordingly the judgment of the district court is reversed, and the matter remanded to the district court to take testimony as to the amount of damages as per the agreed statement of facts.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICE ADAIR concur.

MR. JUSTICE CASTLES dissenting:

First of all, the problem arises from an insurance policy, which it is agreed, contains a $250 deductible provision, and the Coverage D—Comprehensive loss which specifically *excepts loss caused by collision or upset.* This coverage was not purchased by plaintiff. The next provision is Coverage E for which a premium was paid. That provision provides for loss by collision of the automobile with another object.

I believe R.C.M.1947, §§ 40-3702 and 40-3725, are applicable.

Section 40-3702 provides:

" 'Policy' defined. 'Policy' means the written contract of or written agreement for or effecting insurance, by whatever name called, and includes all clauses, riders, endorsements and papers attached thereto and a part thereof."

Section 40-3725 provides:

"Construction of policies. Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modi-

fied by any rider, endorsement, or application which is a part of the policy."

These sections are in the Insurance Code and bring forth the familiar "four corners" doctrine as set forth in R.C.M.1947, § 13-707. It is not unreasonable to assume that one who buys an insurance policy reads all of its provisions. Coverage D, Comprehensive, specifically excepts collisions and specifically covers falling objects such as the log here. I believe the entire context of the agreement determines the intent of the parties. Plaintiff did not intend to pay for, and defendant did not intend to assume the risk of insurance against damage caused by a falling object, to-wit, a log.

I believe the district court was correct and I would affirm.

MR. JUSTICE DOYLE dissenting:

I am of the opinion that an insurance policy contract must be read under the same rules of grammatical construction as all other contracts, eschewing dictionary semantics.

In plain language, the appellant here contends that the insurance contract must be construed from its four corners, but his major contention is that the four corners of the contract consist wholly, and without exception, of the terms of the particular coverage he actually purchased.

It is evident on the face of the policy that various types of coverage are available and here appellant refused to purchase the coverage which would have granted to him the protection he now claims.

As Mr. Chief Justice Harrison said in Steen v. Rustad, 132 Mont. 96, 102, 313 P.2d 1014, 1018, "It is well established that a court, in interpreting a written instrument, will not isolate certain phrases of that instrument in order to garner the intent of the parties, but will grasp the instrument by its four corners and in the light of the entire instrument, ascertain the paramount and guiding intention of the parties. Mere isolated tracts, clauses and words will not be allowed to prevail over the general language utilized in the instrument."

This cause should be affirmed.