**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Michael Jay SAMPSON et al., Defendants, Plaza Lincoln-Mercury, Inc., and Universal Underwriters Insurance Company, Defendants-Appellants.**

No. 28984

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 1, 1970.

Borden R. Hallowes, R. E. Conner, Fort Lauderdale, Fla., Robert M. Montgomery, Jr., West Palm Beach, Fla., for appellants.

Andrew G. Pattillo, Ocala, Fla., Laurence Feingold, Miami Beach, Fla., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judge.

PER CURIAM:

▪▪ We review on appeal the entry of declaratory judgment by the district court determining that appellee's liability policy as insurance carrier for appellant Sampson did not provide coverage for liability which Sampson may sustain as a result of his driving an automobile owned by Plaza Lincoln-Mercury into collision with a motorcycle ridden by two boys, at a time when Sampson was taking a demonstration drive in the automobile while considering its purchase. The appellant, Universal Underwriters Insurance Company, issued a garage liability policy to Plaza Lincoln-Mercury, which policy was held to provide primary coverage for any liability which Samp-

---

1. Pursuant to our Rule 18 this case is decided without oral argument.

2. This decision is not in conflict with Rosen v. Godson, 5 Cir. 1970, 422 F.2d

---

son may incur as a result of the collision with the motorcycle.

The critical exclusionary language of the State Farm policy was:

"(b) This insuring agreement does not apply:

(2) to any *accident arising out of the operation of an automobile sales agency*, service station, storage garage or public parking place." (Emphasis supplied.)

We affirm [1] the decision of the court below, State Farm Mutual Automobile Insurance Co. v. Sampson et al., M.D. Fla.1969, 305 F.Supp. 50.[2]

Affirmed.

---

1082. The obvious dissimilarity in the exclusionary language of the two insurance contracts clearly distinguishes this case from Rosen.