ARMINSKI *v.* UNITED STATES FIDELITY
& GUARANTY COMPANY

1. Insurance — Automobiles — Family Coverage — Multiple Vehicles — Separate Premiums — Liability Limitations.
    Liability of an insurer under a family automobile insurance policy is limited to the face amount of that policy even though it covers more than one automobile with separate premiums paid on each vehicle.

2. Insurance — Automobiles — Family Coverage — Multiple Vehicles — Separate Premiums — Liability Limitations.
    Family automobile insurance policy covering two automobiles with separate premiums paid on each but limiting liability to $10,000 for injuries sustained by each person during any one occurrence, precluded plaintiff next friend from recovering

Reference for Points in Headnotes
[1, 2] 7 Am Jur 2d, Automobile Insurance § 194 *et seq.*

more than that amount where his minor son was a passenger
in an automobile without uninsured motorist coverage which
collided with another uninsured automobile.

Appeal from Wayne, Harry J. Dingeman, J.   Submitted Division 1 December 4, 1970, at Detroit. (Docket No. 6,772.)   Decided April 27, 1970.   Leave to appeal granted October 20, 1970.   384 Mich 769.

Complaint by Dr. Thomas Arminski, for himself and as next friend of Mark Arminski, a minor, against the United States Fidelity and Guaranty Company, a foreign insurance company, for a declaratory judgment construing the liability provision of a family automobile insurance policy.   Judgment for plaintiff.   Defendant appeals.   Reversed and remanded for judgment in accordance with opinion.

*Maile, Leach & Schreir,* for plaintiff.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle (George F. Clark,* of counsel), for defendant.

Before:   R. B. Burns, P. J., and Holbrook and V. J. Brennan, JJ.

R. B. Burns, P. J.   Defendant issued plaintiff Dr. Thomas Arminski a family automobile insurance policy which covered two automobiles.   The policy provided for family protection and uninsured motorist coverage.   The policy states under limits of liability:

"The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, in-

cluding damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to 'each occurrence' is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence."

The declaration provides under the family protection clause for bodily injuries a limit of liability of $10,000 for each person and $20,000 for each accident.

Plaintiff Mark Arminski was a passenger in an automobile with no uninsured motorist coverage which was involved in an accident with a second vehicle which was uninsured. Plaintiffs instituted an action for a declaratory judgment asking the court to determine that defendant's policy provided coverage of $20,000 for Mark's injuries resulting from the accident with an uninsured motorist. It was conceded by defendant's counsel that Mark's injuries exceeded $20,000.

The trial court distinguished the present case from *Horr* v. *Detroit Automobile Inter-Insurance Exchange* (1967), 379 Mich 562, which involved two companies with similar limitations. In the *Horr* case the Court held that liability was limited to $10,000 for both companies and that each company was liable for its *pro rata* share. In distinguishing the *Horr* case the trial court said:

"In that case, there were two insurers. In this case, there is one insurer charging two premiums for this coverage."

The trial court held the defendant liable in the present case for $20,000. Defendant appeals.

The precise problem has not been decided in Michigan although other states throughout the country have faced the issue. The courts who have decided this issue are not in agreement. Some courts, as the trial court in this case, have pyramided the coverage on the theory that the insured paid multiple premiums.[1] Other courts have held that a literal reading of the insurance policy limited the liability to the amount stated on the face of the policy.[2]

The Michigan Supreme Court in the *Horr* case gave a literal meaning to the language in the policy. A literal reading of the policy in the present case limits the defendant's liability to $10,000 coverage for each person.

Reversed and remanded to the circuit court for an entry of a judgment in accordance with this opinion. Costs to defendant.

All concurred.

---

[1] *Bryant* v. *State Farm Mutual Automobile Insurance Co.* (1965), 205 Va 897 (140 SE2d 817); *Smith* v. *Pacific Automobile Insurance Co.* (1965), 240 Or 167 (400 P2d 512); *Safeco Insurance Company of America* v. *Robey* (CA 8, 1968), 399 F2d 330; *Government Employees Insurance Company* v. *Sweet* (Fla, 1966), 186 So 2d 95; *Sellers* v. *United States Fidelity & Guaranty Company* (Fla, 1966), 185 So 2d 689.

[2] *Pacific Indemnity Company* v. *Thompson* (1960), 56 Wash 2d 715 (355 P2d 12); *Polland* v. *Allstate Insurance Co.* (1966), 25 App Div 2d 16 (266 NYS2d 286); *Hilton* v. *Citizens Insurance Co. of New Jersey* (Fla App, 1967), 201 So 2d 904.