HURLES ET AL., APPELLEES, *v.* REPUBLIC FRANKLIN INS. CO., APPELLANT.

(No. 4209—Decided June 30, 1973.)

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. James F. Barnhart*, of counsel, for appellee.
*Messrs. Altick, McDaniel & Radabaugh*, for appellant.

SHERER, J. This appeal is from a summary judgment rendered in a declaratory judgment action. The only error assigned is that the judgment is contrary to law.

Plaintiffs, appellees herein, filed their "Complaint for Declaratory Judgment" against defendant Republic Franklin Insurance Company, the appellant, hereinafter designated as Republic, praying for a declaration that the uninsured motorist coverage under a policy issued by Republic to Rodney W. Hurles, insuring his 1957 Dodge, provided excess uninsured motorist coverage of $12,500/$25,000 over and above the $12,500/$25,000 uninsured motorist coverage in effect in the same policy on his 1965 Chevrolet. The Chevrolet was involved in an accident with a car driven by John Boles, an uninsured motorist.

Plaintiffs alleged facts sufficient to establish injuries and damages caused by Boles, in excess of the $12,500/$25,000 uninsured motorists coverage applicable to the 1965 Chevrolet, and sought the additional benefit of the uninsured motorist coverage applicable to the Dodge.

Republic, in its answer, conceded that the $12,500/$25,000 coverage on the 1965 Chevrolet was applicable to the respective plaintiffs' claims for their injuries and damages sustained when such vehicle collided with the uninsured motorist, Boles. Republic pleaded a policy provision limiting its uninsured motorist coverage to $12,500 as to each person and $25,000 for each accident.

Plaintiffs filed a motion for summary judgment supported by affidavits and a copy of the insurance policy issued by Republic to Rodney W. Hurles, claiming the right to tack the uninsured motorist coverage on the 1957 Dodge automobile onto the coverage on the 1965 Chevrolet.

The insurance policy issued to Hurles by Republic showed that uninsured motorist coverage was afforded for each of the two automobiles owned by him and separate premiums were charged for each automobile.

The case was submitted to the court on the pleadings, policy and affidavits filed in support of the motion for summary judgment.

The trial court held that there was no limitation of collectibility in the policy itself, and plaintiffs were entitled to stack the coverages and could recover whatever damages they sustained, not to exceed $25,000 for any one individual, and $50,000 for all individuals.

The decision of the court was in the form of an order and was entered January 18, 1973. A judgment entry to the same effect was entered February 7, 1973. Republic filed its notice of appeal from these orders, on February 16, 1973, appealing to this court.

The facts relevant to the issue are as follows:

On August 29, 1969, Republic issued an automobile insurance policy to Rodney Hurles insuring two scheduled automobiles, a 1965 Chevrolet and a 1957 Dodge, for uninsured motorists coverage with limits, as stated in the declarations, of $10,000 for "Each Person" and $20,000 for

"Each Accident." Separate premiums were charged on the two scheduled automobiles.

Later, these limits were extended by agreement with the Superintendent of Insurance of Ohio to $12,500 for "Each Person" and $25,000 for "Each Accident." to comply with an amendment of the statute increasing the required limits on policies issued after January 1, 1970, the effective date of the amendment.

These limits of $12,500/$25,000 were in effect on the date of the accident of March 24, 1970, between the 1965 Chevrolet, occupied by Rodney Hurles, his wife, Loretta Hurles, Doris Roenick and Timothy Chamblin, and an uninsured 1962 Oldsmobile owned and operated by John Boles.

Rodney Hurles and Timothy Chamblin were killed in the accident and Loretta Hurles and Doris Roenick were severely injured.

Rodney Hurles, his wife Loretta Hurles, and all of the other occupants of the 1965 Chevrolet were "Insureds" (Part IV-Uninsured Motorist Coverage—definition of insured, page 3, column 1 of the policy).

The same paragraph of the policy provides:

"The insurance afforded under Part IV applies separately to each insured, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

The policy further provides:

"Limits of Liability.

"(a) The limit of liability for uninsured motorists coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

The limit of liability for uninsured motorists coverage stated in the declarations as applicable to "each person" was $10,000 and, by agreement, is now $12,500 and the limit of liability stated in the declarations as applicable to "each accident" was $20,000 and, by agreement, is now $25,000. (Declarations attached to policy.)

The decedents' personal representatives and the injured parties made a claim to Republic for damages arising out of the deaths and personal injuries resulting from the accident, contending that the $12,500/$25,000 uninsured motorists coverage on the 1957 Dodge was also applicable to the payment of the respective claims in addition to the uninsured motorists coverage of $12,500/$25,000 on the 1965 Chevrolet, which was involved in the accident.

Republic, relying on the policy provisions hereinbefore quoted, refused to honor the claims of appellees in any amounts exceeding $12,500 for "each person" and $25,000 for "each accident."

The cases cited by appellees and the trial court are not dispositive of the issue here. Those cases, including *Curran* v. *State Automobile Mutl. Ins. Co.*, 25 Ohio St. 2d 33 and *Bartlett* v. *Nationwide Mutl. Ins. Co.*, 33 Ohio St. 2d 50, involve more than one policy and an attempt by one insurer to avoid liability under its uninsured motorist coverage because of an "other insurance" clause, which, if applied, would relieve the insurer where the insured has other similar insurance available to him from which he could be indemnified. Such an uninsured motorist coverage limitation is repugnant to the statute requiring such coverage and is against public policy.

In *Otto* v. *Allstate Ins. Co.*, 275 N. E. 2d 766, the Illinois Appellate Court said, at page 771:

"* * * issues of coverage raised because of multiple vehicles insured under a single policy are best decided without regard to multiple coverage cases with more than one policy in question."

The holding in *Otto* was that a policy with two separate certificates of insurance was not to be interpreted as two separate policies, one covering each of the insured

automobiles, and did not afford the plaintiff double recovery. It further held that the payment of double insurance premiums for uninsured motorist coverage, one applying to the first automobile and a lower premium to the second automobile, did not entitle the plaintiff to double recovery.

In *Allstate Ins. Co. v. Shmitka* (1970), 12 Cal. App. 3d 59, 90 Cal. Rptr. 399, there were five cars insured under one policy and separate uninsured motorist premiums were paid on each. Limits were $10,000/$20,000. The court held that the maximum recovery was $10,000 and not $50,000 as claimed. The court stated at 68, 90 Cal. Rptr. at 405:

"It appears that the clear intention manifested by the policy is to so limit its liability and our 'primary object is to ascertain and carry out the intention of the parties.' "

In *Polland* v. *Allstate Ins. Co.* (1966), 25 AD 2d 16, 266 N. Y. S. 2d 286, an automobile policy covered two automobiles with uninsured motorist limits of $10,000 and $40,000. A separate sheet was attached for each automobile. The court held that it was one policy only with a $10,000 limit. The court stated, in its syllabus:

"'* * * Condition '3' which provides that 'When two or more automobiles are insured by this policy, the terms of this policy shall apply separately to each' means nothing more than to render applicable the policy to whichever car insured under the policy * * * is involved in an accident. * * *'"

In *Hilton* v. *Citizens Ins. Co. of N. J.* (Fla. App. 1967), 201 So. 2d 904, there were two cars insured under one policy with a limitation clause similar to that in the case at bar. The court held that the insured was not entitled to the aggregate uninsured motorist coverage on the two cars, but was limited to the single coverage on one automobile.

In *Ringenberger* v. *General Accident Fire & Life Assur. Corp.* (Fla. App. 1968), 214 So. 2d 376, there was one policy insuring two cars with a separate uninsured motorist premium on each car. The headnotes state:

1. "Where automobile liability policy provided for separate premiums for uninsured motorist coverage on two automobiles of insured but declarations as to both limited liability to $10,000 for each person with respect to uninsur-

ed motorist coverage, insurer's maximum liability for injury sustained while in a nonowned automobile involved in collision with uninsured motorist was $10,000."

2. "Strictness in construing insurance contracts should not extend to adding meaning to language that is clear."

In *Kennedy* v. *American Hardware Mut. Ins. Co.* (1970), 255 Or. 425, 467 P. 2d 963, the holding was:

"Although two automobiles were covered under automobile insurance policy and two premiums were paid for uninsured motorist coverage in the amount of $5,000, insured, who, while walking across street, was struck by an uninsured motorist and was seriously injured, was entitled to collect $5,000 and not $10,000."

In *Arminski* v. *U. S. Fidelity and Guaranty Co.* (1970), 23 Mich. App. 352, 178 N. W. 2d 497, separate premiums were charged for two automobiles and the policy contained limitation language similar to the case at bar. The headnote in 178 N. W. 2d states:

"Where passenger in automobile with no uninsured motorist coverage was injured in collision with second vehicle which was insured, injuries exceeded $20,000 and passenger's family automobile policy provided uninsured motorist coverage and had limit of liability of $10,000 for each person and $20,000 for each accident, insurer was liable only to extent of $10,000, notwithstanding that policy covered two automobiles."

In *Pacific Indemnity Co.* v. *Thompson*, 56 Wash. 715, 355 P. 2d 12, the policy insured three cars. A similar limitation clause to that in the case at bar, was involved. The husband of the insured was killed in one of the two cars. The headnote appearing in 355 P. 2d reads:

"Where family automobile liability policy covering three automobiles owned by insured stated that the policy limits on each of the three vehicles was $10,000 on account of injury to or death of any one person, and that limit of bodily injury liability was the limit of company's liability for all damages, maximum coverage afforded under policy for death of decedent struck by one of the three covered automobiles was $10,000 and not three times that sum."

In *Morrison Assurance Co., Inc.*, v. *Polak.* (Fla. 1969), 230 So. 2d 6, the headnote states:

"Under uninsured motorist endorsement, which was attached to combination automobile policy covering two vehicles, with separate premium charge for each, which provided coverage for each vehicle in the amount of $10,-000 for each person and which recited that liability applicable to each person was limit of liability for all damage because of bodily injury sustained by one person as result of any one accident, widow of deceased insured was not entitled to recover aggregate amount of coverage provided for both vehicles but only coverage provided per vehicle."

In *Castle* v. *United Pacific Ins. Group*, 252 Or. 44, 448 P. 2d 357, the court held:

"Insured motorist under policy which provided distinct coverages, with separate premiums, for each of his two automobiles was restricted to policy limit on uninsured motorist coverage applicable to automobile involved in accident, rather than to maximum recovery under coverage on each vehicle."

The fact that a premium is paid with respect to each automobile affords coverage for the insured and his passengers in either vehicle. In this case, for example, without the additional premium applicable to the Dodge, the passengers in the Dodge would not be covered. Hence, there is a separate consideration for each premium.

Upon the holding and reasoning of the above cases, we will reverse the judgment of the common pleas court and will render the judgment the trial court should have rendered.

This court will declare that the uninsured motorists coverage of the policy of Republic Franklin Insurance Company applicable to the payment of the damages of the appellees arising out of the accident of March 24, 1970, with an uninsured motorist does not exceed $12,500 for "each person" and $25,000 for "each accident."

*Judgment reversed.*

CRAWFORD, P. J., concurs.
KERNS, J., dissents.