No. 12491

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

STONEWALL INSURANCE COMPANY,
a corporation,

Plaintiff and Appellant,

-vs-

JOHN L. WEST, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
FREDERICK W. BERGER and RAYMOND EISENZIMER,

Defendants and Respondents.

Appeal from: District Court of the Eighth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellant:

Cure and Borer, Great Falls, Montana
John F. Lynch argued, Great Falls, Montana

For Respondents:

Dzivi, Conklin, Johnson and Nybo, Great Falls,
Montana
Dennis McCafferty argued, Great Falls, Montana

Submitted: September 10, 1973

Decided: SEP 2 7 1973

Filed: SEP 2 7 1973

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is a declaratory judgment action to determine coverage under an automobile liability insurance policy brought in the district court of Cascade County, before the Hon. Paul G. Hatfield. The case was submitted on an agreed statement of facts. The district court granted summary judgment for all defendants, holding that the policy provided coverage. Plaintiff appeals from that judgment.

The accident in question occurred about one and one-half miles south of Great Falls, Montana, on October 6, 1968, when a vehicle driven by defendant John L. West collided headon with a car driven by defendant Frederick W. Berger in which defendant Raymond Eisenzimer was a passenger.

At the time of the accident defendant West had an automobile liability insurance policy with plaintiff Stonewall Insurance Company providing bodily injury and property damage coverage; defendant Berger had an automobile insurance policy with defendant State Farm Mutual Automobile Insurance Company. Following the accident State Farm paid for damages suffered by Berger and Eisenzimer and/all made claims for reimbursement from defendant West. Plaintiff Stonewall declined to provide coverage for defendant West with respect to the accident.

The vehicle defendant West was driving at the time of the accident belonged to Ralph Ward, a licensed used car dealer, who operated an automobile sales agency and repair shop. Ward had given defendant West permission to drive it on a demonstration ride with a view toward interesting him in purchasing it. Defendant West's insurance policy with plaintiff Stonewall contains the following coverage exclusion:

"(c) This insuring agreement does not apply:

"* * * (2) to any action arising out of the operation of an <u>automobile sales agency</u>, repair shop, service station, storage garage or public parking place". (Emphasis added).

The single issue presented for review is: Does this policy exclusion preclude coverage for the accident in question?

Stonewall's contention is that the actual reason the car was being driven by West was for demonstration purposes incident to the sale and purchase of an automobile. Demonstrating automobiles is a function of an automobile sales agency, and therefore within the exclusionary provisions of Stonewall's insuring agreement.

Stonewall further contends it is not necessary that the automobile sales agency be that of insured. Stonewall argues that because West was using the automobile for demonstration purposes for the ultimate benefit of Ward, the car salesman and owner, policy reasons dictate that Ward should provide insurance coverage for accidents which arise out of the operation of his automobile sales agency.

Stonewall's position is a minority view. State Farm Mutual Automobile Insurance Co. v. Sampson, 305 F.Supp. 50, aff'd 428 F.2d 475. Such interpretation, excluding a "test drive" situation, would create a gap in the insured's personal coverage. To permit such an exclusion would be a strained construction of the phrase "operation of an automobile sales agency". The majority rule, limiting the exclusionary clause to situations where the insured was using the non-owned automobile in an automobile business of his own, is the better reasoned rule. Helmich v. Northwestern Mutual Insurance Co., 376 F.2d 420; United States Fidelity & Guaranty Co. v. Dixie Auto Ins. Co., 292 F.Supp. 554, aff'd 403 F.2d 717; Caster v. Motors Insurance Corporation, 28 Ill.App.2d 363, 171 N.E.2d 425.

In interpreting policies of insurance the courts resolve uncertainties and ambiguities in the policy against the insurer,

since it is responsible for the language in the contract. Section 13-720, R.C.M. 1947; St. Paul Fire & Marine Ins. Co. v. Thompson, 150 Mont. 182, 433 P.2d 795; Johnson v. Continental Cas.Co., 127 Mont. 281, 263 P.2d 551. Here, a reading of the exclusion in question presents an uncertainty created by the language used when applied to the facts in the present case. The exclusionary provision is ambiguous as to whose "automobile sales agency" the policy provisions refer.

The general rule is that exclusionary clauses relating to the business use of non-owned vehicles are designed to require an insured who uses non-owned vehicles in furtherance of his business to seek additional coverage for the added risks incident to such use. The pertinent inquiry in interpreting automobile business exclusion clauses in harmony with their general purpose is determing the relationship, if any, between the insured's use of a non-owned automobile and some business or occupational interest of the insured. 7 Cum.Supp., Appleman-Insurance Law and Practice- §4455, pp. 510,513 (1972).

In the present case the insured had no business interest in the particular automobile sales agency. The insured was merely driving a vehicle owned by it. Such provision should not be construed to create an unanticipated gap in the insured's liability coverage by requiring the insured to test drive automobiles at his peril.

We hold that the policy exclusion applies only where the insured operates an automobile sales agency or the other enterprises named in the exclusionary clause.

The summary judgment of the district court is affirmed.

_____
Justice.

- 4 -

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -