No. 13047

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

MOUNTAIN WEST FARM BUREAU, et al.,

Plaintiff and Appellant,

-vs-

ROBERT L. NEAL, individually and as
Administrator of the Estate of
DEBORAH NEAL, Deceased, and
ROBERT C. DRIGGS,

Defendants and Respondents.

Appeal from: District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For ~~Appellant~~: *Respondent*

Scanlon and Connors, Anaconda, Montana
Joseph C. Connors argued, Anaconda, Montana
Radonich, Brolin and Reardon, Anaconda, Montana

For ~~Respondents~~: *appellants*

Johnson and Foster, Lewistown, Montana
Robert L. Johnson argued, Lewistown, Montana

Submitted: December 17, 1975

Decided: FEB - 9 1976

Filed: 

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff Mountain West Farm Bureau Mutual Insurance Company (Farm Bureau) brought a declaratory judgment action against defendants Neal and Driggs seeking a declaration that Farm Bureau is liable to pay no more than $10,000 to its insured, Neal, under its "uninsured motorist" coverage. Neal counterclaimed that Farm Bureau is liable in the amount of $80,000. The district court, Lewis and Clark County, found Farm Bureau's liability to be $40,000. Farm Bureau and Neal appeal from this order.

The underlying issue is whether and under what circumstances a person carrying a single policy of automobile liability insurance, which insures two or more vehicles and includes a provision for uninsured motorist coverage, may "stack" or "pyramid" the uninsured motorist coverage limits. The district court held that under the insurance policy in question the uninsured motorist coverage limits may be stacked on the basis of the number of vehicles insured, but that those limits may not be stacked on both the wrongful death and survival claims. We affirm.

The facts of this case were stipulated in the district court and are undisputed here. Prior to July 4, 1971, Farm Bureau issued its policy of automobile liability insurance to Neal, the policy included a provision for uninsured motorist coverage in the amount of $10,000 for one person in any one accident. Four motor vehicles, all owned by Neal, were covered by the same policy. Neal, his wife, and his daughter Deborah were named insureds by definition under the policy, which was in full force and effect on July 4, 1971.

On July 4, 1971, Deborah Neal was riding on a motorcycle owned and operated by Robert Driggs, the other defendant herein. An accident occurred in which Deborah was injured; she died on

July 10, 1971. Driggs was an uninsured motorist at the time of the accident.

Neal brought an action against Driggs and Farm Bureau in the district court of Gallatin County seeking damages from Driggs for Deborah's injury and death, and reimbursement from Farm Bureau under the uninsured motorist provisions of its policy with Neal. Thereafter, on February 6, 1974, Farm Bureau filed its complaint for declaratory judgment in Lewis and Clark County against Neal and Driggs. The Gallatin County action between Neal and Driggs is pending, Farm Bureau having been dropped as a party thereto.

Farm Bureau alleged in its complaint that it had tendered $10,000 to Neal to satisfy its obligation under the uninsured motorist provisions of its policy; that said tender had been repeatedly refused; and that Neal believed he was entitled to multiply the $10,000 limit for uninsured motorist coverage by the number of automobiles Neal had insured under the same policy. Farm Bureau prayed for a declaratory judgment to the effect that it was under no duty or obligation to pay more than $10,000 to Neal for injuries to and death of Deborah Neal under the terms of the policy.

Defendant Neal answered by admitting all of Farm Bureau's allegations save those which would limit Farm Bureau's liability to $10,000 or to $40,000. Neal counterclaimed for a declaratory judgment declaring that Farm Bureau's maximum obligation under the policy is $80,000 ---$40,000 for the damages to the heirs for the wrongful death of Deborah Neal, and $40,000 for the bodily injuries and personal suffering of Deborah Neal under her survival claim. Thus Neal sought to "stack" uninsured motorist coverage limits in two ways, viz. (1) by multiplying the $10,000 limit by the number of insured vehicles (four), and (2) by multiplying the

$40,000 liability resulting thereby by the number of claims prosecuted by Neal as an insured individual and representative of the heirs of Deborah Neal, and as administrator of Deborah Neal's estate, (two).

The district court of Lewis and Clark County had before it the stipulated facts and a copy of the insurance policy issued by Farm Bureau to Neal. Following hearing and submission of briefs, the court held that Farm Bureau's maximum total obligation to Neal under its policy for all injuries to and the death of Deborah Neal is the sum of $40,000. Farm Bureau appeals from that portion of the district court's order which permits stacking the $10,000 uninsured motorist coverage limit on the theory that four vehicles were insured by one policy; Neal appeals from the portion of the order which denies his attempt to stack the two claims as an insured individual and as administrator of Deborah Neal's estate.

The issues on appeal are:

(1) Do the insurance policy provisions relating to uninsured motorist coverage contain contradictions which render the policy ambiguous, thus permitting a judicial construction of the policy which allows stacking based on the number of vehicles insured?

(2) Can the insurance claimant Neal stack uninsured motorist coverage limits on the basis of his capacity to sue on two claims, i.e., as an insured individual and as administrator of Deborah Neal's estate?

In its order and opinion dated March 12, 1975, the district court disposed of the first issue in this language:

> "It is the opinion of the Court that the provisions of the policy dealing with and labelled 'Limits of Liability' (pg.32) and those provisions of paragraph '1' of the definitions section of the policy (pg.37) are contradictory, ambiguous and beyond reconciliation and must therefore be construed in favor of the policy-holder. When so construed, the effect of paragraph '1'

- 4 -

of the definitions is to provide <u>four separate</u> <u>policies</u> of uninsured motorist insurance with maximum liability of $10,000 each for each person physically injured or killed in a particular occurrence, there having been four vehicles insured under the policy at the time of the injury. * * *" (Emphasis supplied.)

The limits of liability provision referred to states in part:

"(a) The limit of liability, as stated in the declarations for uninsured motorist coverage, as applicable to 'each person' is the limit of the Company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the Company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as a result of any one accident."

Paragraph "1" of the definitions section provides in pertinent part:

"(1) Two (2) or more automobiles--- When two (2) or more automobiles are insured hereunder, the terms of Section III shall apply separately to each * * *."

This provision is referred to as the separability clause.

The rule of construction of insurance policies in Montana is stated in section 40-3725, R.C.M. 1947:

"<u>Construction of policies.</u> Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application which is a part of the policy."

It is also the rule in Montana that where an ambiguity in an insurance policy exists after viewing it in its entirety, the terms thereof will be construed liberally in favor of the insured and strictly against the insurer. In Atcheson v. Safeco Insurance Company, 165 Mont. 239, 527 P.2d 549, 31 St.Rep. 839,846, it is said:

"When an ambiguity arises * * * the insured is entitled to the benefit of any doubt."

See also: Lamb v. Page, 153 Mont. 171, 455 P.2d 337; St. Paul
Fire & Marine Ins. Co. v. Thompson, 150 Mont. 182, 433 P.2d 795;
Johnson v. Equitable Ins. Co., 142 Mont. 128, 381 P.2d 778; Eby
v. Foremost Insurance Co., 141 Mont. 62, 374 P.2d 857. Cf. Stonewall
Ins. Co. v. West, 163 Mont. 12, 514 P.2d 764; Jones v. Virginia
Surety Co., 145 Mont. 440, 401 P.2d 570; Section 13-720, R.C.M.
1947.

Viewing the limits of liability clause and separability
clause in juxtaposition and as part of the entire policy leads
to the conclusion that they are "contradictory, ambiguous and
beyond reconciliation." The separability clause is expressly
made part of the uninsured motorist coverage. The limits of
liability clause limits coverage for "each person" in any one
accident to $10,000. On the other hand, under the separability clause
each separate automobile is governed by the limits of liability
clause of the policy. Thus, under the former clause Neal would
recover no more than $10,000; under the latter he could recover up
to $40,000.

Applying the rules of construction of insurance policies
hereinabove stated, we hold the district court was correct in
construing the ambiguous provisions in favor of the insured, Neal,
and stacking uninsured motorist coverage limits to a maximum of
$40,000.

Further clarification of this holding can be found in
uninsured motorist cases from Montana and other jurisdictions.
Farm Bureau and Neal strongly contested the application to the in-
stant case of Sullivan v. Doe, 159 Mont. 50,59,60,62, 495 P.2d
193, the only other reported Montana case dealing with uninsured
motorist coverage. The pertinent issue in Sullivan as stated by
the Court was:

> "* * * whether it is permissible for an insurance
> company in Montana to place limitations in its
> 'uninsured motorist' coverage which reduce or
> eliminate its liability below the statutory limits."

This Court unanimously held where there were two insurance policies on one individual, both of which contained uninsured motorist coverage, neither insurer could limit its liability below the $10,000 statutory limit by deducting workman's compensation or "other insurance" benefit payments by virtue of certain policty clauses. These clauses, as applied by the insurance companies, were in derogation of the letter and spirit of Montana's uninsured motorist statute, section 40-4403, R.C.M. 1947, and were declared void. In Sullivan we were dealing with two insurance policies and with a "primary" and "excess" insurer.

Nevertheless, Sullivan aids our task here by declaring:

"* * * The basic purpose of this [uninsured motorist] statute is obvious---to provide protection for the automobile insurance policyholder against the risk of inadequate compensation for injuries or death caused by the negligence of financially irresponsible motorists.

"The legislative purpose * * * is simply to place the injured policy holder in the same position he would have been if the uninsured motorist had liability insurance * * *."

In discussing the "excess" insurer's contention that its "other insurance" clause relieved it of any liability, we stated:

"* * * the statutory requirement of $10,000 'uninsured motorist' coverage prescribes a minimum amount only and does not purport to fix a statutory maximum."

The legislative policy considerations enunciated in Sullivan apply with equal force here. Therefore, where an insurer does not validly limit its liability to the statutory minimum, the uninsured motorist coverage limits can be stacked to effectuate the purpose of the uninsured motorist statute. That purpose is indemnification for the insured up to the limit of the insurer's liability, as stacked, or the total damages suffered by the insured--- whichever is less.

Both parties in this appeal cited cases from other jurisdictions in support of their contentions regarding the stacking of uninsured motorist coverage limits based on number of vehicles

insured. Without extensively reviewing those conflicting cases in this opinion, we find Neal's authorities more persuasive.

In its order and opinion, the district court expressly relied on the Indiana case of Jeffries v. Stewart, (Ind.App. 1974), 309 N.E.2d 448. In _Jeffries_ the court found an ambiguity created by a limits of liability clause and separability clause almost identical to those in the instant case, and construed the policy in favor of stacking coverage limits. Subsequently in Miller v. Hartford Accident & Indemnity Co., 506 F.2d 11,15, the Court of Appeals applied Indiana law to an uninsured motorist coverage stacking situation, affirmed the District Court and held that stacking was not permissible. However, it reconciled this holding with _Jeffries_ by stating:

> "* * * Resolving the ambiguity in favor of the insured, it [the _Jeffries_ court] held that the insured was entitled to aggregate the liability limits. In the case at bar, however, there was no separability clause affecting the uninsured motorist coverage and no ambiguity in the policy coverage, and the case logically may be distinguished. * * *"

It is with the reasoning of this statement from _Miller_ that we distinguish Westchester Fire Insurance Company v. Tucker, (Tex.1974), 512 S.W.2d 679, relied on by Farm Bureau. Cf. Talbot v. State Farm Mutual Automobile Ins. Co. (Miss.1974), 291 So.2d 699, (no reference to separability clause). Other cases cited by Farm Bureau either deal with general liability coverage rather than uninsured motorist coverage, Pacific Indemnity Company v. Thompson, 56 Wash.2d 715, 355 P.2d 12; or fail to make any distinction between the two types of coverage, Castle v. United Pacific Insurance Group, 252 Or. 44, 448 P.2d 357; Kennedy v. American Hardware Mutual Ins. Co., 255 Or. 425, 467 P.2d 963; Allstate Insurance Company v. Schmitka, 21 Cal.App.3d 59, 90 Cal.Rptr. 399; Arminski v. United States Fidelity and Guaranty Co., 23 Mich.App. 352, 178 N.W.2d 497; Otto v. Allstate Insurance Company, 2 Ill.App.3d 58, 275 N.E.2d 766; Allstate Insurance Company v. McHugh, 124 N.J.Super. 105, 304 A.2d 777; Hurles v. Republic Franklin Ins. Co., 39 Ohio App.2d 118,

316 N.E.2d 494. In order to promote the adjudicated purpose of our uninsured motorist statute, we decline to follow these cases.

Farm Bureau urges one more point with respect to the first issue, namely, that the "duplicate coverage" clause of the policy entitled the insured to only one set of uninsured motorist coverage limits. However, we agree with the district court, which stated in its order and opinion:

> "The 'duplicate coverage' provision * * *
> deals with duplicate coverage within a single
> policy, not similar coverage in multiple policies.
> If it was intended to limit the statutorily re-
> quired and accepted uninsured motorist coverage
> within any of the separate policies, it is invalid."

Cf. Sullivan v. Doe, 159 Mont. 50, 495 P.2d 193.

On cross-appeal Neal maintains the $40,000 liability of Farm Bureau should be doubled because there are two claims in the main tort action--survival and wrongful death. In effect, Neal claims coverage as (1) the legal representative as administrator of Deborah Neal's estate for her personal injuries and death, and (2) an insured individual under the policy and representative of Deborah Neal's heirs, also insureds under the policy. Alternatively, Neal seems to claim that in any event the $20,000 limit of liability for "each accident" set forth in the limits of liability clause and the policy declarations can be stacked on the four separate policies to $80,000.

The main argument runs afoul of that portion of the policy definition of "Named Insured" which provides:

> "The insurance afforded under Coverage P [uninsured
> motorist] applies separately to each insured, but
> the inclusion herein of more than one insured shall
> not operate to increase the limits of the Company's
> liability."

Accordingly Neal's claim of $80,000 uninsured motorist coverage must fail.

Neal's alternative contention that the "each accident" limit of $20,000 can be stacked is without merit. The limits of

liability clause, heretofore set forth, subordinates the "each accident" provision to the "each person" provision. The district court was correct in denying this claim.

The order of the district court is affirmed.

_____
Justice

We Concur:

_____
Justices.

. . . . . . . . . . . .

Chief Justice James T. Harrison and Justice Wesley Castles dissenting:

We dissent.

We do not agree that there is any ambiguity in the liability and separability clauses and thus would not construe anything.

However, we do agree with the majority's discussion of the cross-appeal.

_____
Chief Justice

_____
Justice.