KALLOS v COMMUNITY SERVICE INSURANCE COMPANY

ARBITRATION AND AWARD—REVIEW OF THE RECORD—EVIDENTIARY HEARING.

The trial court's failure to hold an evidentiary hearing when reviewing an arbitrator's alleged refusal to hear certain evidence was error where the record of the arbitration proceeding was such that it was impossible to determine whether or not the arbitrator heard the disputed evidence.

Appeal from Shiawassee, Michael Carland, J. Submitted Division 2 June 8, 1972, at Lansing. (Docket No. 13122.) Decided June 29, 1972.

Complaint by George L. Kallos against Community Service Insurance Company for declaratory judgment on an insurance policy. The trial court vacated a previous arbitration award and ordered further arbitration. Defendant appeals. Reversed and remanded with instructions.

*Ralph B. Hoschner,* for plaintiff.

*Willingham, Cote, Hanslovsky, Griffith & Foresman, P. C.,* for defendant.

Before: BRONSON, P. J., and DANHOF and VAN VALKENBURG,* JJ.

PER CURIAM. This is an appeal from an order setting aside an arbitrator's award and ordering

REFERENCE FOR POINTS IN HEADNOTE

5 Am Jur 2d, Arbitration and Award § 111.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

further arbitration. The trial court based its order on the ground that the arbitrator had refused to allow the plaintiff to present certain evidence. No evidentiary hearing was held in the trial court.

After a review of the record, we are unable to determine whether or not the arbitrator refused to hear relevant evidence. The holding of the trial court appears to be based solely on the plaintiff's allegations. When the record of an arbitration proceeding is such that review of the record is impossible, an evidentiary hearing should be held. This case is remanded with instructions to hold such a hearing, make findings of fact, and render an appropriate judgment.

Reversed and remanded, and this Court does not retain jurisdiction.