DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
PULIG

1. AUTOMOBILES—INSURANCE—UNINSURED MOTORISTS—DAMAGES—
   PYRAMIDING RECOVERY—JUDICIALLY DETERMINED LOSS—TOTAL
   COMPENSATION.

   A person injured in an accident with an uninsured motorist may
   recover on more than one policy and may pyramid recoveries
   under insurance policies until his judicially determined loss has
   been satisfied, but once his loss has been totally compensated
   he is no longer legally entitled to recover damages.

2. JUDGMENT—SUMMARY JUDGMENT—INSURANCE—AUTOMOBILES—
   DAMAGES—TOTAL COMPENSATION—JUDICIALLY DETERMINED
   LOSS.

   A summary judgment for a plaintiff insurance company in an
   action to prohibit arbitration of an insurance claim against the
   plaintiff was premature where the trial court found that the
   claimant had already been compensated for her injuries by
   another insurance company but did not determine on the
   record the amount of the claimant's loss or whether the previ-
   ous damage award under the other insurance contract had
   totally compensated the claimant for her losses.

Appeal from Wayne, Verne C. Boewe, J. Submit-
ted October 11, 1977, at Detroit. (Docket No. 77-
994.) Decided December 8, 1977.

Complaint by Detroit Automobile Inter-Insur-
ance Exchange against Rita G. Pulig for a declara-
tory judgment that defendant, who was seeking
damages under the uninsured motorist coverage of
two insurance policies, was justly compensated by

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 200–203.
[2] 7 Am Jur 2d, Automobile Insurance § 138.
    What issues are arbitrable under arbitration provision of uninsured
    motorist insurance. 29 ALR3d 328.

another company for injuries sustained in an accident with an uninsured motorist and to enjoin, prohibit and stay arbitration. Summary judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Selby, Dickinson, Pike, Mourad & Brandt* (by *James H. Schoolmaster),* for plaintiff.

*Roth & Dean, P. C.* (by *Robert Kaufman),* for defendant.

Before: D. E. HOLBROOK, P. J., and N. J. KAUFMAN and J. E. McDONALD,\* JJ.

D. E. HOLBROOK, P. J. On March 23, 1973, the defendant, Rita G. Pulig, was insured under two policies of insurance (Hanover Insurance Company and DAIIE) and suffered injuries in an accident with an uninsured motorist. The defendant was a guest passenger in the vehicle driven by her husband. After investigation it was determined that the uninsured motorist was negligent and responsible for the accident. The accident-involved vehicle was covered by a policy of insurance issued by Hanover and the other vehicle owned by defendant and her husband was insured by DAIIE.

The defendant requested an arbitration of her claim under the terms of the insurance contract with Hanover and pursuant thereto an award was duly made by the arbitrator in favor of defendant for $16,000. This amount we understand has been paid.

The defendant then requested that an arbitrator be appointed to hear the claims of defendant for damages under the terms of the insurance contract issued by DAIIE, apparently claiming that

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

the award received from Hanover did not satisfy all of her claims for damages.

In November 1976, plaintiff filed this suit against defendant for declaratory judgment claiming: (1) defendant had already received fair and just compensation for her injuries, (2) plaintiff was entitled to an injunction prohibiting arbitration, and (3) allowance of an order staying arbitration.

Defendant answered the complaint and demanded arbitration and moved for summary judgment. Plaintiff then filed for a summary judgment and a motion to dismiss the arbitration. On February 10, 1977, an order was entered by the circuit court granting summary judgment in favor of plaintiff and dismissing the arbitration. Defendant appeals as of right.

The subject insurance policy was issued on June 16, 1972. In a pre-MCLA 500.3010; MSA 24.13010 case, *Horr v Detroit Automobile Inter-Insurance Exchange,* 379 Mich 562; 153 NW2d 655 (1967), the Court denied stacking of recoveries. Thereafter, the Legislature passed MCLA 500.3010; MSA 24.13010, which took effect October 25, 1965, and was effective until its repeal by the Michigan no-fault insurance act, MCLA 500.3101 *et seq.;* MSA 24.13101 *et seq.,* effective October 1, 1973. The policy of insurance in the instant case was effective on the date of the accident and, therefore, the cases following the enactment of MCLA 500.3010; MSA 24.13010 govern. *Rowland v Detroit Automobile Inter-Insurance Exchange,* 388 Mich 476, 479; 201 NW2d 792 (1972).

The Michigan Supreme Court in a triology of 1972 cases[1] dealt with the general question of the

---

[1] *Blakeslee v Farm Bureau Mutual Insurance Company of Michigan,* 388 Mich 464; 201 NW2d 786 (1972), *Rowland v Detroit Automobile Inter-Insurance Exchange,* 388 Mich 476, 479; 201 NW2d 792 (1972), *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482; 201 NW2d 795 (1972).

extent to which a person injured in an accident by an uninsured motorist was permitted to recover on more than one policy. The Court held that "stacking of uninsured motorist coverage was proper until the judicially determined loss has been satisfied". *Blakeslee v Farm Bureau Mutual Insurance Company of Michigan,* 388 Mich 464; 201 NW2d 786 (1972), *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482; 201 NW2d 795 (1972).

Plaintiff asserts that the mere fact that Mrs. Pulig might have $40,000 protection available to her does not mean that she can litigate her claim under the two policies until she recovers the maximum amount of benefits under the policies. Such a situation was specifically prohibited in *Blakeslee:*

" 'If an insured's loss has been *totally* compensated by other insurance he is no longer "legally entitled" to recover damages.' *Collins * * * v [Motorists Mutual Insurance Co,* 36 Mich App 424, 432–433; 194 NW2d 148 (1971)]. That is, the insured may pyramid recovery until his judicially determined loss has been satisfied." *Blakeslee* at 475. (Emphasis added.)

This action was not brought under GCR 1963, 769 and it is not applicable in any event in the first instance because an issue herein is whether stacking is permitted in this matter and if it is, to what extent is it allowed.

In the arbitration proceeding brought against Hanover Insurance Company the arbitrator awarded $16,000 to defendant. We are faced with the question, did this award of $16,000 totally compensate defendant for her loss? Also, was this a judicially determined loss?

Upon the record presented, we are unable to answer these questions with certainty. We do not have the terms of the Hanover contract, which

may disclose exceptions or limitations to recovery of losses thereunder. If there were no reservations, then it must be determined whether all the claims of defendant were permitted to be presented to the arbitrator. For guidance see, *Kallos v Community Service Insurance Co,* 41 Mich App 652; 200 NW2d 470 (1972). Another question that we cannot answer, did the Hanover contract provide that the award by the arbitrator could be affirmed and enforced by the circuit court, in accordance with MCLA 600.501; MSA 27A.501 and MCLA 600.525; MSA 27A.525? *Stowe v Mutual Home Builders Corp,* 252 Mich 492; 233 NW 391 (1930).

We are cognizant of the ruling by our Court in the case of *P R Post Corp v Maryland Casualty Co,* 68 Mich App 182; 242 NW2d 62 (1976). That case did not involve stacking and there were other issues present therein that are not present in this case.

The summary judgment rendered by the trial court is premature. The issues should be resolved in a trial on the merits.

Reversed and remanded, costs to defendant.